payment of rent, and were met by a verified answer containing a general denial, and a counterclaim for damages alleged to be the result of a breach of the contract of lease. A final order was made, awarding possession of the premises to the landlord, and denying relief to the tenant under its counterclaim, upon the ground that, the proceeding being special and solely for possession, a money judgment might not be rendered either way, and the final order so made was affirmed. In Constant v. Barrett, 13 Misc. Rep. 249, 34 N. Y. Supp. 163, the same question was passed upon by the general term of the New York common pleas; and it was held that the amendment to section 2244 of the Code of Civil Procedure, whereby the tenant was allowed to set up a statement of any new matter constituting a legal or equitable defense or counterclaim, was made to meet some special emergency, and without any regard to the general scheme adopted in summary proceedings, and it was said by Mr. Justice Bookstaver, in writing the opinion of the court, "There is no provision anywhere for special verdicts or findings by the court or jury, and nothing authorizing a decree adjusting or enforcing the equities between the parties."

The conclusion is reached that, in summary proceedings instituted for the purpose of obtaining possession of leased premises because of the failure on the part of the tenant to pay rent, a failure on the part of the tenant to plead a counterclaim in such proceeding, arising on account of a breach of the contract of lease by the landlord, does not preclude the tenant from pleading such counterclaim in an action brought to recover the amount of rent due, and obtaining judgment therefor against the landlord. It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

MORMAN v. ROCHESTER MACH. SCREW CO.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

1. APPEAL AND ERROR—QUESTION OF FACT—NEW TRIAL—WITHDRAWING CASE FROM JURY.

Where the supreme court had decided on a former appeal that the verdict established that the negligence of defendant's servant caused the injuries suffered by plaintiff, this was equivalent to a decision that an issue of fact was raised, and hence on a new trial it was error to withdraw the case from the jury, the evidence being practically the same as on the former trial.

2. BUILDINGS—ELEVATORS—PERSONAL INJURIES—SERVANTS—NEGLIGENCE—LIABILITY OF MASTER.

In an action for injuries sustained by falling into an elevator well, it appeared that plaintiff went to defendant's building on business; that defendant's servant conducted her to the elevator, opened the door, stepped back, and turned his face towards plaintiff, and waited; that plaintiff, without looking, stepped through the door, and fell to the bottom of the well, sustaining the injuries for which damages were sought. Held, that the questions of whether the servant impliedly assured plaintiff that the elevator was safe, and as to whether she was warranted in relying on that assurance, were questions for the jury.

Williams and Laughlin, JJ., dissenting.

Action by Harriet J. Morman against the Rochester Machine Screw Company for personal injuries sustained by plaintiff by falling into an elevator well in a building owned and occupied by defendant. Motion for a new trial by plaintiff on a case containing exceptions ordered to be heard at the appellate division in the first instance, after a verdict directed in favor of defendant. Exceptions sustained, and motion for new trial granted.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Arthur Warren, for plaintiff.
Edward Harris, for defendant.

ADAMS, P. J. When this case (sub nom. Cogswell v. Screw Co.) was here upon appeal from an order granting the defendant a new trial (39 App. Div. 223, 57 N. Y. Supp. 145), we affirmed the order appealed from upon the ground that the evidence did not show that the defendant's employé to whose negligence the accident which caused the plaintiff's injury was attributed was acting within the scope of his authority when he assumed to conduct the plaintiff to the elevator. Upon the last trial, however, this defect was remedied, and evidence was given by a number of witnesses which tended to show that, although the elevator was designed primarily and employed principally to transfer freight to and from the upper floors of the building, it was nevertheless used at times for the conveyance of passengers, and under circumstances which might perhaps have sustained a finding that not only was it thus used with the knowledge and consent of the defendant, but that Smith, the defendant's employé, was impliedly authorized to place it at the disposal of passengers who had occasion to visit the occupants of the upper stories. This being the case, it necessarily follows that, if Smith was guilty of negligence upon the occasion in question, his negligence was chargeable to the defendant.

Upon the former appeal we took occasion to say that, for the purposes of that review, the verdict of the jury must be regarded as establishing the fact "that Smith's negligence, unaided by any concurring negligence upon the part of the plaintiff, caused the injuries of which the latter complains"; which was, of course, equivalent to saying that, as to the two essential propositions which are always present in every action of negligence, an issue of fact was raised in the present case which had been conclusively settled by the verdict of the jury; and inasmuch as upon the second trial the evidence, so far as that issue is concerned, was practically the same as upon the first, we are unable to assign any satisfactory reason for sustaining the trial court in withdrawing the case from the consideration of the jury.

We do not deem it necessary in this connection to detail with any particularity the facts of the case, inasmuch as they are quite fully set forth in the statement accompanying our former opinion (39 App. Div. 223, 57 N. Y. Supp. 145). Suffice it to say that the defendant's elevator was located at the end of the hall in the northwest corner

of the building; that this hall, according to the plaintiff's story, was quite dark; that upon inquiring at the defendant's office where she could find Mr. Hutchinson, one of the defendant's tenants, she was informed by Mr. Smith that his office or room was upon the second floor; that Smith thereupon volunteered to show her to the elevator; that she followed Smith to the end of the hall; that Smith, upon reaching the elevator, opened the door, and then stepped back, and turned his face towards the plaintiff, and waited; and that she thereupon, without looking to see that the car was in position, stepped through the door, and fell to the bottom of the well. It is not to be denied that the plaintiff, even taking her own version of the occurrence, did not appear to take much thought for her own safety when she accepted what she would have us believe was Smith's invitation to enter the elevator, and it may be that a jury will so find when the question is submitted to them; but, accepting her evidence as truthful and trustworthy, how can we say, as matter of law, that Smith did not by implication assure her that the elevator car was ready for her, or that she was not justified in acting upon such assurance without first looking to see whether or not she might do so without encountering any danger? An elevator in a building which is used for the carriage of passengers is not to be regarded as a place of danger, to be approached with great caution, like a railroad crossing; but, on the contrary, as has been said in a similar case, "it may be assumed, when the door [of such a conveyance] is thrown open by an attendant, to be a place which may be safely entered, without stopping to look, listen, or make a special examination." Tousey v. Roberts, 114 N. Y. 312, 21 N. E. 399. As to whether or not, under the circumstances of the case at bar, it can be said that Smith did in fact assure the plaintiff that the elevator was in readiness for her, or that with such assurance as she did receive she was warranted in stepping into the well without taking any precaution whatever to ascertain that she might do so in safety, we, of course, express no opinion. We simply say that these are questions which, like the one discussed upon the former appeal, must now be submitted to the jury, and to that forum we relegate them. Tousey v. Roberts, supra; McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153; Simmons v. Peters, 85 Hun, 93, 32 N. Y. Supp. 680.

Plaintiff's exceptions sustained, and motion for new trial granted, with costs to the plaintiff to abide the event. All concur, except WILLIAMS and LAUGHLIN, JJ., who dissent.