## MACHIEA v. HAYDEN.

(Supreme Court, Appellate Division, Fourth Department.   November 24, 1915.)

NEGLIGENCE ☞67—ELEVATOR SHAFT—OPEN DOOR—INVITATION.

Where plaintiff knew that no door to the elevator well was operating automatically, and he had not closed the door after leaving the elevator a moment before the accident, the fact that the door into the well was open was not an implied invitation for him to enter the elevator, excusing his duty to use care to ascertain whether the elevator was there.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 90, 91; Dec. Dig. ☞67.]

Action by Henry Machiea against Charles A. Hayden.   On motion by appellant for reargument or for leave to appeal to the Court of Appeals.   Motion denied.

For former decision, see 155 N. Y. Supp. 1122.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

C. D. Kiehel, of Rochester, for the motion.
Hiram Wood, of Rochester, opposed.

PER CURIAM.   The motion for reargument should be denied.   We think the rule of Morman v. Rochester Machine Screw Co., 53 App. Div. 497, 65 N. Y. Supp. 939, and Sackheim v. Pigueron, 215 N. Y. 62, 109 N. E. 109, on which appellant relies, does not apply.   In each it was held to be a question of fact as to whether there was not an implied invitation to enter the elevator, excusing the degree of care otherwise necessary to ascertain whether the elevator was there.   In the present case there was no such invitation, and plaintiff knew that no door to the elevator well was operating automatically, and that when he left the elevator a moment before the accident he had not closed any door.