# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## State of New York.

---

MAX EINHORN, Respondent, *v.* WEST 67TH STREET GARAGE, INC., Appellant.

First Department, March 5, 1920.

Master and servant — negligence — liability of master for acts of servant outside scope of duties — action for damages to automobile caused by negligent operation of elevator — evidence showing that acts of servant were with knowledge and consent of master — dismissal of complaint at close of case erroneous.

It was error for the trial court to dismiss the complaint at the close of the case in an action to recover for damages to the plaintiff's automobile alleged to have been caused by the negligent operation of an elevator in the defendant's garage on which the automobile was being carried from one floor to another, the defense being that the servant of the defendant, who was operating the elevator at the time, had no authority to do so, where, though the defendant's regular elevator operator and its manager testified that the said servant had been told not to operate the elevator, the said servant, who was still in defendant's employ and present in court, was not called to deny the testimony of the plaintiff's chauffeur that he had ridden on the elevator several times when the same servant was operating it.

The frequent operation of the elevator by the said servant justifies the presumption that the defendant had notice thereof and the inference is that it was so operated with the defendant's consent and, therefore, any negligence of said servant was chargeable to the defendant.

CLARKE, P. J., and SMITH, J., dissent, with memorandum.

APPEAL by the defendant, West 67th Street Garage, Inc., from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 17th day of July, 1919, reversing a judgment of the Municipal Court, Borough of Manhattan, Ninth District, in favor of the defendant.

*David J. Gallert* of counsel [*Walter S. Hilborn* with him on the brief; *Malcolm Sumner*, attorney], for the appellant.

*Jerome A. Strauss*, for the respondent.

PHILBIN, J.:

The defendant conducted a garage for the storage of automobiles, and plaintiff kept his automobile there. The action is brought to recover $782 for damages to the automobile while in defendant's place through alleged negligence of defendant.

On the evening of April 21, 1918, while plaintiff's automobile was about to be lowered on the elevator from the second floor to the first floor of the garage, and when the rear wheels were already on the first floor, and the car partly on the elevator, the latter suddenly and without warning ascended to the second floor, leaving the car hanging partly in midair and causing it to collide with the beam supporting the second floor.

It was charged by plaintiff that the elevator so ascended because of unsafe, dangerous and defective conditions of the contrivances and machinery which controlled and regulated the elevator and the negligence in its operation by the defendant. It was also alleged that the operator of the elevator was not competent.

The plaintiff on the trial did not attempt to prove any defect in the elevator or the machinery, but relied upon its alleged negligent operation. It was claimed by the defendant that the person operating the elevator, although its employee, had no authority to operate it.

At the conclusion of the trial the court dismissed the complaint, citing the case of *Cogswell* v. *Rochester Machine Screw Co.* (39 App. Div. 223), apparently finding that the defendant

was not bound by the acts of the person operating the elevator at the time of the accident because he was not acting within the scope of his employment, but was a mere volunteer.

Plaintiff's chauffeur testified that on the day in question he went to the second floor where the automobile was, and called for the elevator. He was answered by defendant's employee, one Richards, who brought the elevator up. The chauffeur then operated the automobile so as to run it on the elevator and remained seated in it while the elevator was descending. When the ground floor was reached, the elevator stopped and Richards told witness to come back, to take it easy as the elevator had quite a drop. Then suddenly the elevator started up and the accident occurred as above stated. The witness further testified that he had ridden on the elevator with Richards operating it over ten times; that so far as he knew he was the regular operator. He also said he knew Richards was employed as a brass polisher.

An elevator man employed by defendant testified that Richards was a brass polisher and that witness had told him he was not to operate the elevator. The witness had instructions not to let Richards run the elevator. The manager of defendant testified that Richards never ran the elevator and that he had told him not to do so.

Although Richards was still in the employ of defendant, and the latter's counsel said he was in court, he was not called to contradict the testimony of plaintiff's chauffeur. We think the complaint should not have been dismissed by the trial court. The frequent operation of the elevator by Richards as testified to by the chauffeur justifies the presumption that the defendant had notice thereof, and the inference is that it was operated by him with defendant's consent.

In these circumstances any negligence on the part of Richards was chargeable to defendant. (*Morman* v. *Rochester Machine Screw Co.*, 53 App. Div. 497.) The *Morman* case was the second appeal in the *Cogswell* case, cited by the trial court in the case at bar, the name of the plaintiff having been changed. On the second trial there was evidence tending to show that the employee was acting within the scope of his employment, and the judgment for the defendant upon a direction of a verdict in its favor was reversed and a new trial ordered.

The determination of the Appellate Term should be affirmed, with costs.

DOWLING and PAGE, JJ., concur; CLARKE, P. J., and SMITH, J., dissent.

CLARKE, P. J. (dissenting):

The trial was before a justice of the Municipal Court without a jury. At the close of the whole case he gave judgment for the defendant and dismissed the complaint. A question of fact was presented for the determination of the trial court. He believed the witnesses for the defendant and resolved all inferences and presumptions in its favor. I cannot say that his determination was against the weight of evidence and I vote to reverse and reinstate the judgment.

SMITH, J., concurs.

Determination affirmed, with costs, and judgment absolute ordered against defendant pursuant to stipulation.