MORRIS WHITEHOUSE, Appellant, *v.* JOHN SINGLE, Doing Business as " JOHN SINGLE PAPER COMPANY," Respondent.

Fourth Department, June 29, 1926.

Elevators — action for injuries suffered by plaintiff when he fell into elevator shaft — plaintiff was not employee of defendant — elevator was unlighted — employee of defendant opened gate to bring elevator down — plaintiff assuming elevator to be at floor level walked into shaft — plaintiff not guilty of contributory negligence, as matter of law.

Plaintiff, who brought this action to recover damages for injuries suffered when he fell into an elevator shaft on defendant's premises while he was at defendant's plant in his capacity as truckman, was not guilty of contributory negligence, as a matter of law, since it appears that on many previous occasions when plaintiff called at the defendant's place of business the elevator was at the floor level; that plaintiff followed an employee of the defendant to the elevator shaft and when the employee opened the gate for the purpose of bringing the elevator down to the floor level, the plaintiff, assuming that the elevator was at the floor level, walked into the shaft.

The principle which precludes a recovery where one heedlessly walks into an open shaft where the location is properly lighted, does not apply, since the elevator and shaft were not lighted as required by section 257 of the Labor Law of 1921.

Furthermore, the principle which forbids a recovery where one walks without invitation or assurance of safety into a dark place and is injured does not apply under the plaintiff's evidence, since that evidence shows that the plaintiff relied upon the employee of the defendant and that when he saw said employee open the gate and reach for the cable, he assumed that the elevator was at the floor level.

APPEAL by the plaintiff, Morris Whitehouse, from a judgment of the County Court of the county of Onondaga in favor of the

defendant, entered in the office of the clerk of said county on the 3d day of February, 1926, affirming a judgment of nonsuit of the Municipal Court of the City of Syracuse, N. Y., and also from an order entered in said clerk's office on the 28th day of January, 1926, ordering affirmed said judgment and order of the Municipal Court of the City of Syracuse.

*Bailey, Oot & Ryan* [*H. D. Bailey* of counsel], for the appellant.

*Cregg Brothers & Rulison* [*Howard V. Rulison* of counsel], for the respondent.

HUBBS, P. J. At the close of the plaintiff's case the learned Municipal Court justice dismissed the plaintiff's complaint upon the ground that the evidence established contributory negligence as a matter of law. We think that was error.

Under the facts disclosed by the plaintiff's evidence, a question of fact was presented both as to the defendant's negligence and the plaintiff's contributory negligence. The plaintiff was the driver of a truck. He had called at the defendant's place of business on previous occasions for packages, which had been brought down from the upper floors of the building on the elevator in question. On those occasions he had gone up and down on the elevator which had been operated by one of the defendant's employees. He was, therefore, familiar with the situation as disclosed on those occasions. He testified that on those occasions the elevator had always been at the ground floor as he approached it. On the day in question it was dark and rainy. The elevator was located fifty feet from the nearest window, which was at the front of the store. It was inclosed on three sides and in front there was a gate which closed automatically when the elevator went up but which had to be raised by hand when one desired to enter it. Before the gate could be raised the employee in charge had to unlock it. At the time in question the plaintiff approached the elevator in the company of one of the defendant's employees, who walked ahead of the plaintiff. The plaintiff testified that the part of the store near the elevator was dark; that there was no artificial light in the elevator shaft or near it; that the defendant's employee walked up to the gate, unlocked it and stepped ahead and reached for the cable; that he supposed the elevator was there level with the floor; and that he stepped into the open shaft and was injured. It developed that the elevator was at an upper floor and that the employee stepped under the gate for the purpose of operating the cable to lower the elevator.

Under the conditions described by the plaintiff, which we must construe most favorably to the plaintiff upon this appeal from a

nonsuit, there was a clear question of fact for the jury. The principle which precludes a recovery where one heedlessly walks into an open shaft where the location is properly lighted has no application, as the plaintiff testified that the store was dark and that there were no artificial lights as required by section 257 of the Labor Law of 1921. Neither does the principle which forbids a recovery where one walks without an invitation or assurance of safety into a dark place and is injured have any application. The plaintiff urges that he relied upon the man in charge, and when he saw him step in and reach for the cable he assumed the elevator was there, as it had always been on other occasions. Under such circumstances he was not chargeable with contributory negligence as a matter of law. (*Christensen* v. *Hannon*, 230 N. Y. 205; *Morman* v. *Rochester Machine Screw Co.*, 53 App. Div. 497.)

The judgment of the County and Municipal Courts should be reversed and a new trial granted, with costs to the appellant to abide the event.

DAVIS, SEARS, CROUCH and TAYLOR, JJ., concur.

Judgment of County Court and of Municipal Court reversed on the law and a new trial granted in the Municipal Court, with costs in all courts to the appellant to abide the event. New trial to be had on the twelfth day of July at ten A. M.