HAROLD HAMBLET, Appellant, *v.* BUFFALO LIBRARY GARAGE CO., INC., Respondent.

Fourth Department, December 30, 1927.

Negligence — what constitutes — plaintiff drove his automobile to defendant's garage for storage — upon request, he was directed to toilet by one of defendant's employees — plaintiff followed directions explicitly and as he opened toilet door he fell down two or three steps and suffered injuries — plaintiff made out prima facie case — question for jury whether failure of defendant to warn plaintiff of steps constituted negligence — contributory negligence was also question for jury.

Plaintiff sues to recover damages for injuries suffered when he fell while entering a toilet in defendant's garage.  Plaintiff's testimony shows that he drove his automobile to defendant's garage for storage and before leaving the garage he asked an employee of the defendant the direction to the toilet; that the employee directed the plaintiff and the plaintiff followed the directions explicitly; that when he stepped into the toilet he fell down two or three steps; that the passageway and toilet were not well lighted, and, although plaintiff looked, he did not observe that the toilet floor was lower than the floor of the passage; and that he was not warned by defendant's employee of the existence of the steps.

Plaintiff's testimony made out a *prima facie* case of negligence on the part of the defendant, for the plaintiff was an invitee upon the premises, and if the defendant's servant undertook to instruct the plaintiff how to reach a toilet within the building, the servant was bound to instruct the plaintiff with reasonable care.

It was, therefore, error for the court to dismiss the complaint at the close of the plaintiff's case, for the jury should have determined whether or not the failure of the defendant's servant to warn the plaintiff of the existence of the steps leading into the toilet constituted negligence.

The question of plaintiff's contributory negligence was likewise one for the jury under the facts brought out by plaintiff, since it appears that he followed the instructions given him exactly and since he had a right, to a certain extent at least, to rely upon those instructions.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 9th day of November, 1926.

*Guy O. Walser* [*Daniel V. McNamee* of counsel], for the appellant.

*Gibbons & Pottle* [*H. W. Pottle* of counsel], for the respondent.

HUBBS, P. J.   The defendant is a corporation engaged in conducting a public garage in the city of Buffalo.   The plaintiff, a stranger in that city, drove his automobile into the defendant's garage for the purpose of having it stored.   An employee gave the plaintiff a check for the automobile and stated that he would take the car from the entrance and place it.   The plaintiff walked into the office, the door of which was only a short distance from where he stood by his car.   He asked the employee in the office where he could go to a toilet.   The employee stepped out of the office door and pointed to the rear of the garage and said: " Go up three steps and turn to the left and take the second doorway."   The rear of the garage was from twenty to twenty-five feet from where he stood.   The plaintiff walked to the rear where the employee had pointed, walked up the three steps, turned to his left, walked to the second doorway and stepped in.   As he did so he fell down three or four steps and was injured.   There was no light at the place where the plaintiff was injured.   He testified that it " was sort of hazy — dark;   *   *   *   sort of hazy; that you couldn't see perfectly plain.   *   *   *   I stopped and I looked, and then I stepped.   *   *   *   Stepped as I thought inside the door on the left."   The defendant's employee, when he directed the plaintiff, did not warn him that there were steps leading from the second door.

At the close of the plaintiff's case the learned trial justice dismissed the complaint upon the ground that the plaintiff was negligent as a matter of law.   We think that the testimony introduced by the plaintiff made a *prima facie* case.   The plaintiff was an invitee, upon the defendant's premises under an invitation to enter for the purpose of storing his automobile.   While there the defendant owed him the duty of not unreasonably exposing him to danger.   In *Hart* v. *Grennell* (122 N. Y. 371) the court stated the general

rule as follows: " The general rule applicable to persons occupying real property for business purposes and who invite and induce others to visit their premises is that they must use reasonable prudence and care to keep their property in such a condition that those who go there shall not be unreasonably and unnecessarily exposed to danger. The measure of their duty is reasonable prudence and care."

As an incident to the business of storing the car for hire, the defendant, through its employee, undertook to direct the plaintiff to the toilet. If the plaintiff, without instructions, had undertaken to find a toilet in the rear part of the garage and had been injured, a different question would have been presented. The plaintiff, however, followed the instructions received from the employee and was injured. When the defendant's servant undertook to instruct the plaintiff how to reach the toilet, he was bound to instruct him with reasonable care.

" There are cases where the law imposes duties in addition to those created by express contract. In those cases 'liability for negligence rests on the principle that if a person undertakes to do an act or discharge a duty by which the conduct of another party may be properly regulated and governed, he is bound to perform it in such manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be duly and properly performed shall not suffer loss or injury by reason of his negligence.' (29 Cyc. 426; Whart. Neg. [2d ed.] § 437.) " (*Miller* v. *International Harvester Co.*, 193 App. Div. 258.)

In view of the condition of light the question of whether the instructions were negligent because the plaintiff was not warned of the steps leading down from the second door presented a question of fact which should have been submitted to the jury.

It also seems to us that the question of the plaintiff's contributory negligence was for the jury. He was an invitee upon the premises. He followed exactly the instructions which he received from the defendant's servant. He had a right, to a certain extent, to rely upon such instructions and to govern his conduct accordingly. The principle applicable to cases where a person has been injured at a railroad crossing, while attempting to cross after being instructed to do so by the flagman, is applicable. In such a case Judge VANN, writing for a unanimous court, in *Oldenburg* v. *N. Y. C. & H. R. R. R. Co.* (124 N. Y. 414) quoted from *Glushing* v. *Sharp* (96 id. 676) as follows: " The raising of the gate was a substantial assurance to him of safety, just as significant as if the gateman had beckoned to him or invited him to come on, and that any prudent man would not be influenced by it is against all human experience."

22

In the case of *Whitehouse* v. *Single* (217 App. Div. 204), a case where the plaintiff walked into an open elevator shaft and was injured, in an opinion in this court it was said: " Neither does the principle which forbids a recovery where one walks without an invitation or assurance of safety into a dark place and is injured have any application. The plaintiff urges that he relied upon the man in charge, and when he saw him step in and reach for the cable he assumed the elevator was there, as it had always been on other occasions. Under such circumstances he was not chargeable with contributory negligence as a matter of law. (*Christensen* v. *Hannon*, 230 N. Y. 205; *Morman* v. *Rochester Machine Screw Co.*, 53 App. Div. 497.) "

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur, except TAYLOR, J., not voting. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.