LAND FINANCE CORPORATION, Appellant, v. FRANK GIORGIO, JR., Trustee in Bankruptcy of the NOX REALTY CORPORATION, Respondent, and Others, Defendants.* — Order directing appellant to account and to pay over certain moneys to the trustee in bankruptcy affirmed, with ten dollars costs and disbursements. No opinion. Young, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., not voting.

LARK HOLDING CO., INC., Appellant, v. NEPTUNE DEVELOPMENT CO., INC., and Others, Defendants, Impleaded with ISAAC PARSHELSKY and Others, Respondents. — Judgment unanimously affirmed, with costs. No opinion. Present — Young, Kapper, Carswell, Scudder and Tompkins, JJ.

TORINO MONDELLI, Respondent, v. ABRAHAM FRIEDMAN, Appellant. — Judgment reversed on the law and the facts and a new trial granted, costs to abide the event, on the ground that the verdict is against the weight of the evidence. Kapper, Carswell, Scudder and Davis, JJ., concur; Lazansky, P. J., not voting.

NORTH RIVER MORTGAGE COMPANY, Respondent, v. MARY E. CURTIS and Others, Defendants; BOGARD COMPANY, INC., Appearing Specially, Appellant. — Order denying motion to vacate or modify order appointing receiver modified by striking therefrom all provisions which permit an interference with or constitute a restraint on the part of the appellant in the collection of rents due to it from undertenants. As so modified the order is affirmed, without costs. No opinion. Kapper, Hagarty, Scudder and Davis, JJ., concur; Lazansky, P. J., not voting.

PATCHOGUE FIELD CLUB, INC., Respondent, v. JAMES I. DAVIS, Appellant, and ALICE E. DAVIS, His Wife, Defendant. — Judgment unanimously affirmed, with costs. In the light of the circumstances, the tender on behalf of plaintiff of currency on December 31, 1928, was a good tender and established plaintiff's readiness, willingness and ability to perform. This tender was a sufficient ratification of the exercise of the option by the plaintiff. (2 Morawetz Priv. Corp. [2d ed.] § 629.) If the appellant did not deem the currency tender to be wholly "legal tender," he should have given the plaintiff a reasonable opportunity to supply the same. (*Cheney* v. *Libby,* 134 U. S. 68; *Simmons* v. *Swan*, 275 id. 113, 116.) We are also of the opinion that the tender of a deed by the appellant on December 31, 1928, was not made in good faith, and this court makes a new finding accordingly. Present — Kapper, Hagarty, Scudder and Davis, JJ.; Lazansky, P. J., not voting.

HOWARD F. POTTER, Respondent, v. MICHAEL T. WATTS, Appellant. — Judgment unanimously affirmed, with costs. (*McNally* v. *Oakwood*, 210 App. Div. 612; affd., 240 N. Y. 600; *Hamblet* v. *Buffalo Library Garage Co., Inc.*, 222 App. Div. 335; *Hart* v. *Grennell*, 122 N. Y. 371, 374; *Christensen* v. *Hannon*, 230 id. 205.) Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.