Memorandum. The plaintiff, having followed the instructions of the painters in mounting the scaffold, cannot be held to be negligent as a matter of law. (Zurich Gen. Acc, & Liab. Ins. Co. *1055 v. Childs Co., 253 N. Y. 324; Meyer v. West End Equities, 12 N Y 2d 698; Hamblet v. Buffalo Lib. Garage Co., 222 App. Div. 335.)
The judgment over, however, in favor of the owners against the defendant contractor upon the cross claim must be reversed, because a landlord has a nondelegable duty to use reasonable care in providing for a safe means of ingress to a tenant (Harrington v. 615 West Corp., 2 N Y 2d 476). To this duty is added the responsibility that the landlord, who employs the contractor to do work in a place where tenants are in the habit of passing, must see that necessary precautions are taken not to endanger the tenants. (Sciolaro v. Asch, 198 N. Y. 77; Dollard v. Roberts, 130 N. Y. 269, 272.) The failure of the landlord to comply with that duty was an act of negligence which bars indemnity. The codefendants are joint tort-feasors. Where, as here, the codefendants have participated in or concurred in the wrong which caused the damage, there is no right of indemnity (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 9 NY 2d 426).
Chief Judge Desmond and Judges Dye, Burke and Foster concur in Memorandum; Judges Fuld, Van Voorhis and Scileppi dissent and vote to reverse the judgment against defendants Berman and to dismiss the complaint against them apon the ground that the evidence was insufficient to establish any negligence as to them.
Judgment, insofar as appealed from by defendant El-Mar Painting & Decorating Co., Inc., modified in a memorandum by reversing the judgment over in favor of defendants Berman and dismissing their cross complaint, with costs to defendant El-Mar against defendants Berman; otherwise judgment affirmed, with costs to plaintiff against all defendants.