■ Khosro T. Ameri et al., Respondents, v Diane Young Skincare Center, Inc., Appellant and Third-Party Plaintiff-Respondent. Gertrude Cohen et al., Third-Party Defendants-Appellants.—Appeal from the judgment of the Supreme Court, New York County (Leona Freedman, J.), entered on February 8, 1990, is dismissed as superseded by the appeal from the resettled judgment of May 8, 1990, without costs or disbursements.

Resettled judgment of the Supreme Court, New York County (Leona Freedman, J.), entered on May 8, 1990, which, *inter alia,* awarded plaintiffs the sum of $267,510.70, inclusive of interest, costs and disbursements, and denied the motion by the third-party defendant Gersalle Realty Corporation, Inc., to dismiss the third-party complaint as against it based upon the indemnification clause in its lease with defendant Diane Young Skincare Center, Inc., is unanimously modified on the law to the extent of granting the motion to dismiss the third-party complaint based upon the subject indemnification clause and otherwise affirmed, and the matter remanded to the Supreme Court to determine any remaining issues between defendant Diane Young Skincare Center, Inc. and the third-party defendant Gersalle Realty Corporation, without costs or disbursements.

Plaintiffs' clothing store is located on the first floor of a building owned by third-party defendant Gersalle Realty Corporation, Inc. Defendant Diane Young Skincare Center, Inc., is the second-floor tenant of the premises, a portion of which includes a terrace with a drain situated directly above plaintiffs' store. Pursuant to defendant's lease with the landlord, it is responsible for maintaining the drain free of debris. After plaintiffs' business suffered a number of incidents of water damage due to leaks from the clogged drain, they commenced legal action for property damage to their merchandise. A jury trial thereafter ensued at the conclusion of which they recovered a verdict in their favor of $187,639, plus interest, costs and disbursements.

A review of the record demonstrates that the jury's determination was amply supported by the evidence. In that regard, the amount of damages sustained by plaintiffs was sufficiently established to a reasonable degree of accuracy *(see, Cristallina S. A. v Christie, Manson & Woods Intl.,* 117 AD2d 284). Moreover, the trial court properly instructed the jury with respect to the doctrine of *res ipsa loquitur* since, contrary to the contention by Skincare that the same theory of liability should also have been charged against the landlord, the third-party defendant was not in exclusive control of the terrace and drain *(Payless Discount Centers v 25-29 N. Broadway Corp.,* 83 AD2d 960). We have considered the parties' remaining arguments and deem them to be without merit except as to the landlord's assertion that it was entitled to contractual indemnification under its lease with Skincare. As this court recently observed in *Brown v Two Exch. Plaza Partners* (146 AD2d 129, 132-133, *affd* 76 NY2d 172): "In the construction industry, agreements purporting to indemnify a party against liability for damage caused by his own negligence are void as against public policy (General Obligations Law § 5-322.1). Aside from this statutory prohibition, such agreements— 'which are usually "negotiated at arm's length between * * * sophisticated business entities" and which can be viewed as merely "allocating the risk of liability to third parties between themselves, essentially through the employment of insurance" ' *(Gross v Sweet,* 49 NY2d 102, 108, quoting *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 158, 161)— are not subject to any special level of scrutiny. It is no more suspect for such an agreement to require indemnification in circumstances not involving negligence by the indemnitor than it is for it not to require indemnification except in circumstances that do involve negligence by the indemnitor.

Whether negligence by the indemnitor is required or not is a question without policy significance to be resolved by the parties themselves as a bargaining issue at the time of contract formation *(cf., Levine v Shell Oil Co.,* 28 NY2d 205, 213)."

The fact that the landlord was found by the jury to be 40 percent negligent, therefore, does not defeat its right to indemnification in accordance with the relevant lease provision. Indeed, there is no significant distinction between the indemnification clause held to be enforceable in *Hogeland v Sibley, Lindsay & Curr Co.* (42 NY2d 153, *supra),* wherein 60 percent of the responsibility was allocated to the landlord, and the one at issue in the instant situation. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.