■ RONALD L. CAFFIERO, JR., et al., Respondents, v BENJAMIN SHORE et al., Appellants, et al., Defendant. (And a Third-Party Action.) [627 NYS2d 770] —In a negligence action to recover damages for personal injuries, etc., the defendants Benjamin and Dora Shore appeal from so much of an order of the Supreme Court, Queens County (Smith, J.), dated March 15, 1994, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendants Benjamin and Dora Shore, and the action against the remaining defendant is severed.

The plaintiff Ronald Caffiero sustained physical injuries when a roll-up metal security gate suspended above the entrance to a store leased to and occupied by the defendant Comfy Undie allegedly suddenly descended and struck him in the eye. The building in which the store was situated was owned by the appellants.

Under the facts of this case, the plaintiffs may not rely upon the doctrine of res ipsa loquitur against the appellants, the out-of-possession lessors of the premises, since the appellants did not control the instrumentality which allegedly caused the injuries to Ronald Caffiero (see, Veltri v Stahl, 155 AD2d 287). Moreover, the plaintiffs have failed to refute the appellants' showing that they had neither constructive nor actual notice of any alleged defect in the security gate utilized and under the control of their commercial tenant. Accordingly, the appellants have demonstrated their entitlement to judgment as a matter of law on the plaintiff's negligence claims (see, e.g., Festa v Waskawic, 181 AD2d 758; Hecht v Vanderbilt Assocs., 141 AD2d 696, 699).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Balletta, J. P., Miller, Santucci and Altman, JJ., concur.