■ STEPHANIE PULLEY, Appellant, v RICHARD McNEAL, Respondent. [658 NYS2d 732] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered January 24, 1996 in Schenectady County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Defendant is the owner of a two-family residence located at 927 Delamont Avenue in the City of Schenectady, Schenectady County. In September 1993, defendant leased the first-floor apartment to Shirley Dixon, plaintiff's sister. Approximately two months later, while plaintiff was asleep on the couch in the living room of Dixon's apartment, the ceiling collapsed and plaintiff was injured. Plaintiff thereafter commenced this negligence action against defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and cross-moved for leave to amend the complaint. Supreme Court, *inter alia*, granted defendant's motion and this appeal by plaintiff ensued.

We affirm. "It is well settled that in order for a landlord to be held liable for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646; *see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Warren v Wilmorite, Inc.*, 211 AD2d 904, 905). Plaintiff has failed to make this showing here.

It is undisputed that defendant purchased the subject property in 1966 and that, in 1987 or 1988, he hired a contractor to install a drop ceiling below the existing fixed tin ceiling in the first-floor apartment. After the new ceiling was installed, defendant leased the apartment to other tenants and finally to Dixon in 1993. Although the apartment had been periodically inspected by the Schenectady Building Inspector's office and

defendant had a right to enter the premises to make repairs under the lease with Dixon, the record is devoid of proof that defendant was advised of defects in the drop ceiling, or that he was, or should have been, aware of a defective or dangerous condition as a result of his own observation. Plaintiff herself testified that she did not have a "clue" as to what caused the drop ceiling to fall, and there was no proof that there had been any visible indication of a defect prior to the collapse. Nor was there any proof as to how long the alleged defect had existed. Given this, summary judgment was properly granted (*see, Vrenna v Tunis*, 226 AD2d 1130, *lv denied* 89 NY2d 803). We also find that, inasmuch as defendant did not have exclusive control over the ceiling during Dixon's tenancy, the doctrine of res ipsa loquitor is inapplicable (*see, Caffiero v Shore*, 216 AD2d 265, *lv denied* 87 NY2d 802; *Ameri v Young Skincare Ctr.*, 170 AD2d 280, *lv dismissed* 78 NY2d 908, *lv denied* 81 NY2d 709). In view of our disposition, we need not address plaintiff's remaining contention.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.