■ PHILIP HARP et al., Appellants, v MAUREEN O'NEIL, Respondent. [681 NYS2d 842] —Peters, J. Appeal from an order of the Supreme Court (Torracca, J.), entered October 31, 1997 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Philip Harp was descending an interior staircase in a two-story single-family residence owned by defendant and leased to Harp's brother-in-law when a stair tread suddenly collapsed, causing Harp to fall inside the staircase and sustain injuries. Harp, and his wife derivatively, thereafter commenced this action alleging that defendant was negligent in failing to use reasonable care to maintain the staircase in a safe condition and in permitting a defective condition to exist on the premises. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that the evidence was insufficient to establish that she had actual or constructive notice of any defect in the staircase. Plaintiffs opposed, contending that the theory of res ipsa loquitur applied to relieve them of their burden of offering proof of actual or constructive notice. Impliedly finding that the doctrine of res ipsa loquitur was inapplicable, Supreme Court granted defendant's motion. Plaintiffs appeal.

We affirm. A plaintiff seeking to rely upon the theory of res ipsa loquitur in order to hold an out-of-possession landlord liable for a defective condition existing on leased premises must establish that the injury-causing event would not ordinarily occur in the absence of negligence, that the plaintiff did not contribute to the cause of the accident and that the instrumentality which caused the injury was in the exclusive control of the landlord (*see, Davis v Vantage Homes*, 146 AD2d 879, 879-880). The record here indicates that defendant is an out-of-possession landlord who did not maintain control over the leased premises or assume any contractual responsibility to repair or maintain the staircase. In light of this proof, we conclude that plaintiffs failed to demonstrate that defendant exercised exclusive control over the instrumentality which caused Harp's injuries and that, therefore, the doctrine of res ipsa loquitur is inapplicable (*see, Pulley v McNeal*, 240 AD2d 913, 914; *Caffiero v Shore,*

216 AD2d 265, *lv denied* 87 NY2d 802). Accordingly, defendant's motion for summary judgment dismissing the complaint was properly granted (*see, Pulley v McNeal, supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.