■ MICHAEL T. RICHARDSON, Respondent, v ANTHONY M. SIMONE et al., Appellants, et al., Defendant. [712 NYS2d 672] —Spain, J. Appeal from an order of the Supreme Court (Caruso, J.), entered November 10, 1999 in Schenectady County, which denied a motion by defendants Anthony M. Simone and Floyd A. Simone for summary judgment dismissing the complaint against them.

Plaintiff was standing on the second-floor landing of an exterior staircase at a building owned by defendants Anthony M. Simone and Floyd A. Simone (hereinafter collectively referred to as defendants) when the landing and a portion of the staircase suddenly separated from the building and fell to the ground, causing plaintiff to sustain personal injuries. Thereafter, plaintiff, who at the time of his injury was attending a party hosted by a tenant of the building, commenced this action based upon negligent construction of the landing and staircase. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint against them, alleging that an independent contractor designed and installed the landing and staircase and that they lacked actual or constructive notice of any defective condition. Supreme Court denied the motion and defendants appeal.*

A building owner is not liable for personal injuries caused by a defective condition on the premises unless the owner created the condition or had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, the owner should have corrected it (see, Hill v Cartier, 258 AD2d 699). In this case, the alleged defective condition was created by an independent contractor and, as a general rule, a party who engages an independent contractor is not liable for the independent contractor's negligence because that party has no right to supervise or control the work being performed (see, Kleeman v Rheingold, 81 NY2d 270, 273; Mercado v Slope Assocs., 246 AD2d 581; Polipo v Sanders, 227 AD2d 256, 257, lv denied 88 NY2d 812).

There are a number of exceptions to the general rule (see,

---

* Defendant Mohawk Beverage Company of Schenectady, Inc. was also sued by plaintiff in this action. Although the motion for summary judgment at issue on this appeal and the notice of appeal therefrom appear to be made on behalf of all "defendants," a closer reading of the papers supporting the summary judgment motion and the appellants' brief filed in this Court lead us to conclude that only the two individual owners participated in the motion and are involved in the appeal.

*Hesch v Seavey*, 188 AD2d 808, 809), including an exception where the facts and circumstances give rise to a nondelegable duty owed by a landowner (*see, e.g., Bernstein v El-Mar Painting & Decorating Co.*, 13 NY2d 1053; *Reynolds v Sead Dev. Group.*, 257 AD2d 940). While the facts of this case are readily distinguishable from those in which the nondelegable duty exception has been applied to hold an owner vicariously liable for the negligence of an independent contractor, Supreme Court concluded that the landlord's warranty of habitability (*see*, Real Property Law § 235-b; *Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, *cert denied* 444 US 992) creates such a nondelegable duty. We disagree. The warranty of habitability provisions permit a tenant to recover only limited economic loss (*see, Park W. Mgt. Corp. v Mitchell, supra*, at 329) and were not intended to provide a basis to recover damages for personal injuries (*see, Barragan v Mathai*, 253 AD2d 508, 509; *Elkman v Southgate Owners Corp.*, 233 AD2d 104, 105; *Stone v Gordon*, 211 AD2d 881; *Carpenter v Smith*, 191 AD2d 1036). Accordingly, there is no basis to impose vicarious liability on defendants for any negligence of the independent contractor in creating the defective condition in the landing and staircase.

To invoke the nondelegable duty exception applicable when members of the public are deemed to have been invited to a commercial establishment (*see, e.g., Reynolds v Sead Dev. Group, supra*), the dissent characterizes defendants' building as commercial. However, the commercial use of defendants' building was limited to the deli and grocery store on the first floor. The defective landing and staircase led to the second floor which was devoted to purely residential use. There is nothing in the record to demonstrate that members of the public were invited to use the stairway and landing to access a commercial establishment. Rather, it appears that the landing and staircase merely provided a second means of ingress and egress to the second floor for the exclusive use of the second-floor residential tenants and their guests. Research discloses no cases which have extended the nondelegable duty for commercial ingress and egress to the facts and circumstances of this case. Nor do the facts and circumstances of this case implicate the type of public policy considerations which would warrant the imposition of a nondelegable duty on defendants and render them liable despite the absence of any evidence that they failed to exercise reasonable care in the circumstances (*compare, Goodman v 78 W. 47th St. Corp.*, 253 AD2d 384, *with Tytell v Battery Beer Distrib.*, 202 AD2d 226; *see generally, Kleeman v Rheingold*, 81 NY2d 270, 274-275, *supra*).

Plaintiff also contends that defendants are not entitled to

summary judgment because they had actual or constructive notice of the defect in the landing and staircase. There is, however, nothing in the record to indicate that defendants knew or should have known of the defective condition. In particular, there is no evidence that defendants were advised of the defect (*see*, *Pulley v McNeal*, 240 AD2d 913, 914), that the staircase as constructed violated any applicable building code (*cf.*, *Hill v Cartier*, *supra*, at 700-701), or that the defect would have been visible and apparent to defendants during their visual inspection of the premises (*compare*, *Blaszczyk v Riccio*, 266 AD2d 491; *Freeman v Cobos*, 240 AD2d 698, *with Dong v Cazenovia Coll.*, 263 AD2d 606). In this regard, we note that plaintiff's expert described the defect as a combination of the use of inadequate fasteners to attach the landing to the brick wall, improper joinery in the diagonal bracing used to support the landing and the absence of vertical supports from the landing to the ground. While the absence of vertical supports was visible and apparent, the alleged inadequacies in the fasteners and the diagonal bracing were not. Moreover, the doctrine of res ipsa loquitur, urged by plaintiff for the first time on appeal, is inapplicable inasmuch as defendants are out-of-possession landlords who did not exercise exclusive control over the staircase (*see*, *Harp v O'Neil*, 256 AD2d 912; *Pulley v McNeal*, *supra*, at 914).

In summary, there is no basis to impose liability on defendants and, therefore, they are entitled to summary judgment dismissing the complaint against them.

Cardona, P. J., Peters and Mugglin, JJ., concur.

Lahtinen, J. (dissenting). I respectfully dissent. I cannot agree with the majority's attempt to quantify a landlord-tenant relationship to avoid the holding of *Bernstein v El-Mar Painting & Decorating Co.* (13 NY2d 1053) that "a landlord has a nondelegable duty to use reasonable care in providing for a safe means of ingress to a tenant * * * [and] the landlord, who employs the contractor to do work in a place where tenants are in the habit of passing, must see that necessary precautions are taken not to endanger the tenants" (*id.*, at 1055 [citation omitted]) and find no authority for not applying this maxim equally to both a two-unit rental building and a high-rise with one thousand units, both of which are operated for profit by a landlord. The defective staircase, constructed by an independent contractor hired by the landlords, defendants Anthony M. Simone and Floyd A. Simone, was intended as a means of ingress and egress to the second-floor apartment of this two-unit rental building for the tenant and other members of the

public invited onto the premises, such as plaintiff herein. Upon a showing of negligence by the independent contractor, defendants may be found vicariously liable. As a result, I would affirm the order of Supreme Court.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Anthony M. Simone and Floyd A. Simone and complaint dismissed against them.