■ GREAT NORTHERN INSURANCE COMPANY, Plaintiff, v INTERIOR CONSTRUCTION CORP. et al., Defendants, THE DEPOSITORY TRUST & CLEARING CORPORATION, Respondent, and NEW WATER STREET CORPORATION, Appellant. (And a Third-Party Action.) [796 NYS2d 51]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered April 29, 2004, which denied the motion of defendant New Water Street Corporation for summary judgment on its cross claim for contractual indemnification against defendant The Depository Trust & Clearing Corporation, unanimously reversed, on the law, without costs, and the motion granted.

While lease provisions purporting to exempt a lessor from liability for its own negligence are void as against public policy (General Obligations Law § 5-321), where, as here, sophisticated parties negotiating at arm's length have agreed to "allocat[e] the risk of liability to third parties between themselves, essentially through the employment of insurance," that agreement is enforceable (*Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 161 [1977]; *Parra v Ardmore Mgt. Co.*, 258 AD2d 267, 269 [1999], *lv denied* 93 NY2d 805 [1999]; *Ameri v Diane Young Skincare Ctr.*, 170 AD2d 280, 281-282 [1991], *lv denied* 81 NY2d 709 [1993]).

The instant lease reflects "the 'unmistakable intent of the parties' " (*Hogeland*, 42 NY2d at 159, quoting *Levine v Shell Oil Co.*, 28 NY2d 205, 212 [1971]) that Depository indemnify New Water for the latter's own negligence, except as to claims arising from a condition created by New Water or from any accident, injury or damage caused solely by New Water's negligence. The lease further requires Depository to maintain insurance and to name New Water as an additional insured on its comprehensive general liability policy, and requires both parties to include mutual waivers of subrogation in their respective policies (*see Hogeland*, 42 NY2d at 161; *Morel v City of New York*, 192 AD2d 428, 429 [1993]). Since it was stipulated that New Water's negligence was not the sole cause of the damage, New Water is entitled to contractual indemnification under the lease. Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.

Leave to appeal to the Court of Appeals deemed one for reargument and, upon reargument, the decision and order of this Court entered herein on February 22, 2005 (15 AD3d 298 [2005]) is hereby recalled and vacated and a new decision and order substituted therefor.