Robles-Martinez v Partnership 92 West, L.P. (2024 NY Slip Op 05642)

Robles-Martinez v Partnership 92 West, L.P.

2024 NY Slip Op 05642

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 300908/17 Appeal No. 3021 Case No. 2023-04605 

[*1]Joshua Robles-Martinez, Plaintiff-Respondent,
v
Partnership 92 West, L.P., Defendant-Appellant, Columbus Gourmet Food, Defendant-Respondent. Columbus Gourmet Food, Third-Party Plaintiff-Respondent,

Perry, Van Etten, Rozanski & Kutner, LLP, New York (Leonard Porcelli of counsel), for Partnership 92 West L.P., appellant.
Strikowsky Drachman & Shapiro PLLC, New York (Sim R. Shapiro of counsel), for Fischer Foods of New York Inc, appellant.
Davoli & Associates, Rockville Centre (Henry W. Davoli of counsel), for Joshua Robles-Martinez, respondent.
Hoffman Roth & Matlin, LLP, New York (Joshua R. Hoffman of counsel), for Columbus Gourmet Food, respondent.

Order, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered August 2, 2023, which denied the motion of defendant landlord Partnership 92 West, L.P. for summary judgment dismissing the complaint as against it, or in the alternative, for summary judgment on its cross-claims for contractual indemnification as against defendant tenant Columbus Gourmet Food (C-G Food), and denied the motion of third-party defendant Fischer Foods of New York, Inc. for summary judgment dismissing the third-party complaint as against it, unanimously affirmed, without costs.
Plaintiff, who was employed by Fischer Foods as a delivery worker, was injured when a sidewalk hatch door hit his head as he moved a delivery on a handcart down the stairs into the basement area of C-G Food's deli. Plaintiff argues, among other things, that the modification of the building's front facade prevented the right hatch door from opening completely, thus creating a dangerous condition.
Partnership did not establish prima facie entitlement to summary judgment dismissing the complaint and all cross-claims against it. Under the terms of the lease, structural repairs were the obligation of Partnership, which was an out-of-possession landlord. However, Partnership failed to offer evidence to show either that the facade modification was created by tenant C-G Food or that the modification constituted a nonstructural defect for which Partnership bore no responsibility under the lease (see Hernandez v 34 Downing Owners Corp., 148 AD3d 554, 554-555 [1st Dept 2017]).
Partnership also failed to establish entitlement to summary judgment on its cross-claim for contractual indemnification. The indemnification language in the lease does not require C-G Food to indemnify Partnership for its own negligence (see Great N. Ins. Co. v Interior Constr. Corp., 18 AD3d 371, 372 [1st Dept 2005], affd 7 NY3d 412 [2006]). Furthermore, Partnership has not established that it was free from any negligence causing the accident (see Lexington Ins. Co. v Kiska Dev. Group LLC, 182 AD3d 462, 464 [1st Dept 2020]).
Finally, Supreme Court properly denied Fischer Foods' motion for summary judgment dismissing the third-party complaint as against it. Competing expert opinions and credibility issues as to plaintiff's "grave injury" claim, which is predicated on a traumatic brain injury and a claim of permanent unemployability, raise factual issues warranting a trial (see Rubeis v Aqua Club Inc., 3 NY3d 408, 416-417 [2004]; Lowman v Consolidated Edison Co. of N.Y., Inc., 220 AD3d 510, 511 [1st Dept 2023]).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024