■ JAMES J. CURRIER et al., Appellants, v WILTROM ASSOCIATES, INC., et al., Respondents. (And a Third-Party Action.) [672 NYS2d 940] —Spain, J. Appeal from an order of the Supreme Court (Dawson, J.), entered May 16, 1997 in Clinton County, which, *inter alia*, granted defendants' cross motions for summary judgment dismissing the complaint.

In January 1993, while employed as a delivery driver for third-party defendant, United Parcel Service, Inc. (hereinafter UPS), plaintiff James J. Currier (hereinafter plaintiff) was injured when he slipped and fell on ice and snow in the UPS parking lot located in the Town of Plattsburgh, Clinton County. The accident occurred at about 11:15 P.M. during a snow storm as plaintiff was walking to his assigned truck; the parking lot is part of a parcel owned by defendant Franklin Akey and leased to UPS. Plaintiff and his wife, derivatively, brought this suit against defendant Wiltrom Associates, Inc. and Akey for personal injuries sustained claiming that the fall occurred as a result of icy conditions in the parking lot which were caused by the accumulation of excess water as the result of washing UPS trucks without proper drainage. Wiltrom is the company which was in charge of washing the UPS trucks. Plaintiffs claimed that defendants were negligent by, *inter alia*, allowing the parking lot to become slippery and failing to adequately warn personnel of the dangerous condition. Defendants answered and Wiltrom commenced a third-party action against UPS. After discovery, UPS moved for summary judgment dismissing the third-party complaint and defendants each cross-moved for summary judgment dismissing the complaint. Without stating the reasons upon which it based its decision, Supreme Court granted defendants' cross motions and denied UPS' motion upon grounds of mootness. Plaintiffs appeal.

Initially, we note that "[s]ummary judgment is a drastic remedy and 'should not be granted where there is any doubt as to the existence of a triable issue' " (*Napierski v Finn*, 229 AD2d 869, 870, quoting *Moskowitz v Garlock*, 23 AD2d 943, 944); it must clearly appear that no material and triable issue

of fact is presented (*see, Lustyik v Manaher*, 226 AD2d 852; *Bulger v Tri-Town Agency*, 148 AD2d 44, *lv dismissed* 75 NY2d 808) and the court must view the evidence in the light most favorable to the nonmoving party (*see, Stata v Village of Waterford*, 225 AD2d 163, 167; *Coldwell Banker Residential Real Estate v Berner*, 202 AD2d 949, 950; *Weiss v Garfield*, 21 AD2d 156). Liability for a slip and fall injury is based in part on the party responsible for controlling and maintaining the subject property (*see, Russell v Hepburn Hosp.*, 154 AD2d 796, 797). If the controlling party is a lessee, it must be shown that the lessee knew or should have known that the icy condition existed (*see, El Shammaa v Parent*, 237 AD2d 684). A lessor will be held responsible only if the lessor maintained sufficient control over the property as to impute liability due to a lack of corrective action in removing a dangerous condition (*see, Lynch v Lom-Sur Co.*, 161 AD2d 885). However, if the dangerous condition was the result of a snow storm, the controlling party must be given a reasonable amount of time after the storm ceases to remedy the dangerous condition (*see, Zima v North Colonie Cent. School Dist.*, 225 AD2d 993, 994; *Downes v Equitable Life Assur. Socy.*, 209 AD2d 769; *Croff v Grand Union Co.*, 205 AD2d 856).

Here, plaintiff asserts that Wiltrom, as an independent contractor, was responsible for plaintiff's injuries since it created the icy condition and was well aware that this dangerous and slippery condition occurred regularly as a result of its truck-washing operations. Since evidence existed indicating that there had been problems with ice forming on the parking lot due to the washing operation prior to the accident, the key issue is whether Wiltrom had a duty to plaintiff to remove the ice or, in the alternative, warn of the slippery condition (*see, Pulka v Edelman*, 40 NY2d 781, 782). Deposition testimony and discovery evidence established that Wiltrom knew that, as a result of its washing operation inside the UPS building, ice formed in the parking lot adjacent to the building during subfreezing weather from water running out of the building into the parking lot because of poor drainage and from water running off the wet vehicles which were moved into the parking lot before they were dry. A vice-president of Wiltrom admitted that water from its washing operation made its way into the parking lot "mostly all of the time". Wiltrom's role in creating the icy conditions and its knowledge that the conditions occurred regularly raise factual issues for resolution by the trier of fact. Accordingly, Wiltrom's cross motion for summary judgment should not have been granted.

Next, we conclude that Supreme Court properly granted

Akey's cross motion for summary judgment. We reject plaintiffs' argument that since the evidence indicated that Akey was the owner of the subject premises and was also under contract to remove snow from the subject property, the granting of summary judgment in his favor was in error. The facts fail to support a claim of negligence arising out of Akey's contract with UPS to remove snow (*see, Phillips v Young Men's Christian Assn.*, 215 AD2d 825). Even though the trier of fact is normally responsible for determining if certain events were the substantial or proximate cause of a plaintiff's injuries (*see, Capicchioni v Morrissey*, 205 AD2d 959), it cannot be said that plaintiffs have shown that a comprehensive and exclusive property maintenance plan was entered into by Akey (*see, Palka v Service Master Mgt. Servs. Corp.*, 83 NY2d 579) or that plaintiffs detrimentally relied upon Akey's prior services (*see, Phillips v Young Men's Christian Assn., supra*).

As for Akey's lease with UPS, the record fails to indicate that Akey, as owner of the subject property, had enough control over the parking lot maintenance and truck-washing activity to hold him liable for plaintiff's injury (*see, Kendle v Bohl Contr. Co.*, 242 AD2d 848). Even though Akey had some responsibility in ensuring that the exterior pavement was free of dangerous conditions, there is no evidence to show that Akey had knowledge of the icy condition or knowledge of any type of drainage problem with the driveway (*see, Russell v Hepburn Hosp.*, 154 AD2d 796, 797, *supra*). Akey was contracted by UPS independently to remove snow during storms; he was not hired to remove ice buildup from an alternative source. It is well settled that a property owner or possessor is under a duty to exercise reasonable care, but to be liable there must be evidence that the owner or possessor had knowledge of the condition (*see, id.*, at 797).

Mikoll, J. P., Crew III, White and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendant Wiltrom Associates, Inc. for summary judgment; said cross motion denied; and, as so modified, affirmed.