■ Tracy Stickles, as Administrator of the Estate of Peter Stickles, Deceased, Respondent, v James Fuller et al., Appellants, et al., Defendants. (And a Third-Party Action.) [780 NYS2d 649]—

Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 20, 2004 in Columbia County, which, inter alia, denied certain defendants' motions for summary judgment dismissing the complaint against them.

The liability of an out-of-possession landlord and the doctrine of assumption of the risk are among the disputed issues in this lawsuit arising from the death of a farm worker from toxic gas produced by fermenting high-moisture corn in a silo. Plaintiff's decedent worked at a farm in Columbia County owned by defendants James Fuller and Nancy Fuller Brusie (hereinafter collectively referred to as the Fullers) that was leased to and operated by third-party defendants, Fred Barringer and Donna Barringer. In October 1998, decedent informed a coworker that he smelled gas as he ascended a silo chute. Despite his coworker's advice that he stop, decedent continued up the silo and entered a silo door, where he was overcome by gas and died. Several years earlier, in 1993, the Fullers had hired defendant MacNair Hyney to install a roof on this particular silo. Plaintiff commenced the instant action asserting, among other things, that proper ventilation had not been included when the silo roof was installed. The Fullers and Hyney moved for summary judgment dismissing the complaint. Supreme Court denied the motions and this appeal ensued.

We first address the Fullers' contention that, as out-of-possession landlords, they were not responsible for the alleged condition existing at the silo. "As a general rule, once possession has been transferred to a tenant, an out-of-possession landlord will not be held responsible for dangerous conditions existing upon leased premises" (*Davison v Wiggand,* 259 AD2d 799, 800 [1999], *lv denied* 94 NY2d 751 [1999] [citations omitted]; *see McCarthy v Handel,* 297 AD2d 444, 447 [2002]). "[L]iability may attach, however, if an out-of-possession landlord has retained control of the premises, has contracted to repair or maintain the property, or has affirmatively created the dangerous condition or defect" (*Downey v R.W. Garraghan, Inc.,* 198 AD2d 570, 571 [1993]; *see Webb v Audi,* 208 AD2d 1122, 1122 [1994]). In the lease, the Fullers reserved the right to reenter the property and agreed to make all major repairs to buildings on the premises. It is undisputed that the Fullers undertook to repair the silo roof, which had been damaged years earlier by high wind. They contracted and paid for the installation of a new silo roof and allegedly provided the contractor with some input regarding the roof. Viewing the evidence most favorably

to plaintiff, there are factual issues as to whether the roof was constructed negligently and whether a dangerous condition was created (*see Gibson v Bally Total Fitness Corp.*, 1 AD3d 477, 478 [2003]; *De Cristofaro v Joann Enters.*, 243 AD2d 1015, 1017 [1997]).

The argument asserted by the Fullers and Hyney that decedent assumed the risk of death by proceeding into the silo after smelling gas is meritless. While comparative negligence may be a relevant issue at trial, the doctrine of assumption of the risk does not foreclose liability as a matter of law under the circumstances of this case (*see Hawkes v Catatonk Golf Club*, 288 AD2d 528, 529-530 [2001]; *Stirpe v Maloney & Sons*, 252 AD2d 871, 871-872 [1998]; *Comeau v Wray*, 241 AD2d 602, 604 [1997]).

The remaining arguments, to the extent that they were asserted before Supreme Court and thus preserved for appellate review, have been considered and found unpersuasive.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 2 Misc 3d 954.]