[898 NE2d 571, 869 NYS2d 388]

WENDY LITWACK, Appellant, v PLAZA REALTY INVESTORS, INC., et al., Respondents.

Argued September 11, 2008; decided October 28, 2008

### APPEARANCES OF COUNSEL

*William D. Fireman, P.C.,* New York City (*William D. Fireman* and *Adam Silvera* of counsel), for appellant.

*Molod Spitz & DeSantis, P.C.,* New York City (*Marcy Sonneborn* and *Salvatore J. DeSantis* of counsel), for respondents.

*Arnold E. DiJoseph, P.C.,* New York City (*Arnold E. DiJoseph, III,* of counsel) for New York State Trial Lawyers' Association, amicus curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

In April 1999, plaintiff complained to the apartment building doorman about a four-to-six inch "brown wet, dark brownish" spot in the middle of her dining room wall. Within a week, a building handyman removed about five inches of sheetrock, revealing a potential tiny crack in a steam pipe. When the steam was turned on in October, revealing the precise location of a hair-width, one-eighth-inch long crack, a plumber was able to replace that section of the pipe, and a building handyman repaired the wall. Plaintiff additionally complained that, during summer months, air conditioners in her apartment dripped; in response, building staff from time to time changed the filters. In either the fall or winter of 1999, plaintiff began to feel ill, and in July 2001 doctors advised her to have her apartment environmentally tested. Testing confirmed the presence of toxic mold, and plaintiff vacated the apartment that month. Thereafter, in October 2001, plaintiff notified the landlords of the claimed mold condition.

After plaintiff brought suit for, among other things, negligence, defendants landlords moved for summary judgment. Supreme Court granted summary judgment, concluding that plaintiff did not give defendants sufficient notice of the toxic mold condition and holding that "there was no proof of continuous complaints about the repeated entry of water, based on repair work undertaken by the owner, which could warrant an issue as to the foreseeability of a mold hazard." The Appellate Division affirmed, with one Justice dissenting, on the ground that, as a matter of law, the evidence was insufficient to put defendants on notice of a hazardous mold condition, and certified the following question: "Was the order of the Supreme Court, as affirmed by the decision and order of this Court, properly made?" We conclude that it was.

A landlord may be liable for failing "to repair a dangerous condition, of which it has notice, on leased premises if the landlord assumes a duty to make repairs and reserves the right to enter in order to inspect or to make such repairs" (*Chapman v Silber*, 97 NY2d 9, 19 [2001]). Plaintiff bears the burden of proving that the landlord had notice of the dangerous condition and a reasonable opportunity to repair it (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]).

Here, even applying plaintiff's proposed notice standard—whether defendants created, or had notice of persistent water leaks that foreseeably could result in, a hazardous mold condition—plaintiff failed to raise any triable factual issues. In April

1999, the crack and spot with surrounding wetness were small; once the steam was turned on and the repair could be made in October, there was no further complaint. Additionally, plaintiff never complained that the air conditioners dampened her carpet, or that the areas smelled musty or moldy; indeed, she vacated the apartment three months before notifying defendants of the claimed mold condition. Thus, summary judgment dismissing the complaint was warranted.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order affirmed, etc.