■ Sandra L. Rossal-Daub, Appellant, v George Walter et al., Respondents. (And a Third-Party Action.) [871 NYS2d 751]—

Stein, J. Appeal from an order of the Supreme Court (Sackett, J.), entered September 14, 2007 in Sullivan County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff claims that she was injured when, as she walked in the hayloft of defendants' barn to talk to her then fiancé (now husband) third-party defendant, Jeffrey Daub, one of her legs fell through the hayloft floor. Months later, plaintiff's counsel notified defendants of the incident and commenced this action, alleging that her injury was the result of defendants' negligence in maintaining the hayloft. Thereafter, defendants commenced a third-party action against Daub for common-law indemnification. After substantial discovery, defendants moved for summary judgment dismissing the complaint. Daub cross-moved for summary judgment dismissing the third-party action. Supreme Court granted both the motion and the cross motion. Plaintiff now appeals.

In order to succeed on their motion for summary judgment, defendants were required to establish that they were not liable for a dangerous condition on their property. " '[I]t is well-established law that liability for a dangerous condition on property is predicated upon ownership, occupancy, control or special use of the property' " (*O'Brien v Trustees of Troy Annual Conference of United Methodist Church*, 257 AD2d 954, 955 [1999], quoting *Palmer v Prescott*, 208 AD2d 1065, 1066 [1994], *lv denied* 85 NY2d 804 [1995]). Thus, when an owner of land transfers possession to another, the owner will generally be absolved of responsibility for dangerous conditions existing on the leased premises (*see Stickles v Fuller*, 9 AD3d 599, 600 [2004]; *Butler v Rafferty*, 291 AD2d 754, 756 [2002], *affd* 100

NY2d 265 [2003]). However, exceptions to this rule apply when the landowner has control over the premises, is contractually responsible for repair and maintenance, assumes responsibility for repairs through conduct (*see Stickles v Fuller*, 9 AD3d at 600; *Davison v Wiggand*, 259 AD2d 799, 800-801 [1999], *lv denied* 94 NY2d 751 [1999]), creates the dangerous defect or condition or has actual or constructive notice of the defect (*see Warren v Wilmorite, Inc.*, 211 AD2d 904, 905 [1995]). Here, while defendants' ownership of the barn is unquestioned, the parties dispute the degree of defendants' control of the hayloft, whether they assumed responsibility for repairs therein and whether they had notice of the defect.

We partially agree with plaintiff's contention that, in determining defendants' motion, Supreme Court should not have excluded from consideration the affidavit of Frederick Daub (the previous owner of the barn) on the basis that plaintiff failed to provide his name in response to defendants' notice to produce witnesses and statements. Although Supreme Court has broad discretion in determining the penalty where a party fails to comply with discovery demands (*see* CPLR 3126), "[t]he general rule is that a court should only impose a sanction commensurate with the particular disobedience it is designed to punish, and to go no further" (*Matter of Landrigen v Landrigen*, 173 AD2d 1011, 1012 [1991]).

Here, defendants' notice to produce included "notice" witnesses, among other things, but did not encompass witnesses with respect to the issue of control of the hayloft and the duty to maintain it. While it is true that Frederick Daub's affidavit primarily addresses the question of whether defendants had actual or constructive notice of the condition of the hayloft floor, it also addresses the issue of control of the hayloft and responsibility for repairs thereto. In our view, because at least a portion of the affidavit addresses issues which are not covered by defendants' discovery notice, and because there is no indication in this record that the failure to disclose the name of Frederick Daub as a witness was willful (*see* CPLR 3126), total preclusion of the affidavit was not warranted (*see Ashline v Kestner Engrs.*, 219 AD2d 788, 790 [1995]; *cf. Bombard v County of Albany*, 94 AD2d 910 [1983], *appeal dismissed* 60 NY2d 643 [1983]; *see generally* Siegel, NY Prac § 349, at 568 [4th ed]). Rather, preclusion should have been limited to that portion of the affidavit that addresses the issue of notice of any defective condition in the hayloft, and the affidavit should have been considered to the extent that it pertains to other relevant issues.

Turning now to the merits of defendants' motion, the evidence shows that, approximately five years after defendants purchased the barn from Frederick Daub, they entered into an oral agreement with Jeffrey Daub (hereinafter Daub), permitting him to store hay in the hayloft and to keep some of his beefalo in the stables in the lower level of the barn. In exchange, Daub allowed defendants to use his pastures on an adjoining property. Both defendants and Daub used the stables at different times after defendants purchased the barn. However, only Daub used the entire hayloft from the time of defendants' purchase of the barn to the day that defendants were notified of plaintiff's action.

There was no agreement between defendants and Daub as to who would maintain and/or repair the hayloft. As evidence of Daub's exclusive control of the hayloft, defendants point to Daub's testimony that, shortly after plaintiff's injury, he "fixed" the alleged rotten board that plaintiff claims to have fallen through. While defendant George Walter admittedly replaced shingles on the barn roof prior to the incident and would occasionally close the loft doors during bad weather, defendants deny that they made any repairs to the interior of the barn. However, Frederick Daub alleges that Walter "habitually reinforced the stable posts below the loft to reinforce the flooring when it came time for . . . Daub to store hay in the loft" and changed boards in the loft doors. All parties admit that the hayloft floor was almost always covered in hay and that they did not see any portion of the floor rotting. Moreover, they all knew that the floor had precut holes to slide hay and silage down to the stables, which were created before defendants purchased the barn.

Based upon the record evidence, we agree with Supreme Court that defendants met their initial burden of establishing their entitlement to summary judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), thus shifting to plaintiff the burden of raising a question of fact requiring a trial (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]). We also agree that plaintiff has failed to raise a question of fact regarding notice of a dangerous defect or condition or a contractual obligation on the part of defendants to maintain and/or repair the premises. However, mindful that "[s]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue" (*Currier v Wiltrom Assoc.*, 250 AD2d

956, 956 [1998] [internal quotation marks and citations omitted]) and viewing, as we must, the evidence in the light most favorable to plaintiff (*see id.* at 957), we conclude that issues of fact remain as to defendants' control over the premises, whether they assumed responsibility for making repairs through their conduct and whether they fulfilled their duty to inspect and maintain the hayloft floor (*see Personius v Mann*, 5 NY3d 857, 859 [2005], *modfg* 20 AD3d 616 [2005]). Therefore, defendants' motion should have been denied.

Supreme Court dismissed the third-party complaint against Daub on the sole basis that, finding no liability on defendants' part, there could be no viable claim for indemnification. Inasmuch as the cross motion is not part of the record before us, we are unable to determine whether it has any merit in light of our decision herein.

We have considered the parties' remaining contentions and find them to be unpersuasive.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' motion for summary judgment; said motion denied; and, as so modified, affirmed.