■ MICHAEL T. GRADY, Appellant, v MARGARET E. HOFFMAN, Individually and as Executor of PAUL D. HOFFMAN, Deceased, et al., Respondents. (And a Third-Party Action.) [879 NYS2d 837]—

Lahtinen, J. Appeal from an order of the Supreme Court (Egan, Jr., J.), entered April 25, 2008 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff, a college student working a summer job as a dishwasher at a restaurant in Saratoga County, sustained severe burns when, at about 10:30 P.M. on August 7, 2004, he allegedly stepped into a large hole behind the restaurant, lost his balance, and spilled hot grease that he was carrying onto himself. The restaurant, known as the Old Dublin Inn, was operated by William Byrne and Angela Byrne through their corporation, third-party defendant, Larback, Inc. Defendant Margaret E. Hoffman owned the premises, which had been leased to Larback. A deck had recently been added near where plaintiff fell by defendant Estep Restorations, Ltd., a corporation owned by Angela Byrne's father, Daniel Estep. Plaintiff commenced this action against Hoffman and Estep Restorations. Following discovery, both defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motions. Plaintiff appeals.

We initially consider whether Supreme Court properly dismissed the claim against Estep Restorations, which turns on

whether that contractor had any duty to plaintiff under the circumstances. It is well settled that a "contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007] [internal quotation marks and citation omitted]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). There are three recognized exceptions to this general rule (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d at 257), and plaintiff in this appeal focuses on the exception that applies when, in the words of Chief Judge Cardozo, the promisor has "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]). Stated another way, this exception is implicated "where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk" (*Church v Callanan Indus.*, 99 NY2d at 111; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 142-143).

Plaintiff, who had been at the job less than a week when the accident occurred, testified that as he walked in the dark behind the restaurant with the pan of hot grease he stepped into a hole which he described as a "cylindrical hole" that was "[a]t least a foot in diameter" and about 12 to 18 inches deep. Estep Restorations had just completed a deck located within approximately eight feet of where the accident occurred. Indeed, plaintiff stated that when he interviewed for the job about a week earlier, work was still being done on the deck. The deck was constructed on supporting pylons, which required holes with a circumference approximately the same size as the one plaintiff stated caused his accident. Although the holes were reportedly actually dug by William Byrne, there is evidence that Daniel Estep marked the places for digging and, by his own testimony, engaged in some supervision of his son-in-law. Estep denied that any work was done in the specific area where plaintiff fell and denied that any holes were left not fully filled. However, plaintiff's testimony raises a factual issue as to whether a round hole had been dug and left partially unfilled. In light of this testimony and the fact that digging of the type of hole described by plaintiff had been done very recently in the general vicinity where the fall occurred, we conclude that there is ample evidence to raise a factual issue as to whether Estep Restorations affirmatively created an unreasonable risk of harm. Accordingly, we reverse so much of Supreme Court's order as dismissed the complaint as to Estep Restorations.

Turning to Hoffman, we agree with Supreme Court that sum-

mary judgment was appropriate. "An out-of-possession landlord is generally not responsible for the maintenance or repair of leased premises; however, one who retains control of the premises or contracts to repair or maintain the property may be liable for defects" (*Henness v Lusins*, 229 AD2d 873, 873-874 [1996] [citations omitted]; *see Rossal-Daub v Walter*, 58 AD3d 992, 993-994 [2009]; *Davison v Wiggand*, 259 AD2d 799, 800-801 [1999], *lv denied* 94 NY2d 751 [1999]). There is no showing in the record that Hoffman retained in the lease, or actually exercised, sufficient control over the premises for her to be liable for this accident. Nor was Hoffman obligated by the lease to repair or maintain the property. The fact that Hoffman may have "retained the right to visit the premises, or even to approve alterations, additions or improvements, is 'insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord' " (*Ferro v Burton*, 45 AD3d 1454, 1455 [2007], quoting *Schwegler v City of Niagara Falls*, 21 AD3d 1268, 1270 [2005]). Plaintiff failed to raise a triable issue as to any exception to the general rule regarding an out-of-possession landlord (*see Davison v Wiggand*, 259 AD2d at 801-802).

Cardona, P.J., Peters, Kane and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Estep Restorations, Ltd. for summary judgment; said motion denied; and, as so modified, affirmed.