■ DENNIS OATES JR., Respondent, v JAMES IACOVELLI et al., Appellants. [915 NYS2d 711]—

Mercure, J.P. Appeal from an order of the Supreme Court

(Sherman, J.), entered December 10, 2009 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff injured his back while at a home that was leased by a nonparty and owned by defendants. The injury occurred when a deck on which he and 15 other guests had gathered suddenly collapsed. Plaintiff thereafter commenced this action alleging that defendants negligently failed to maintain the deck. Supreme Court denied defendants' motion for summary judgment dismissing the complaint, prompting this appeal.

Defendants assert that Supreme Court improperly denied their motion for summary judgment in the absence of any proof that they, as out-of-possession landlords, had actual or constructive notice of the dangerous condition of the deck. While an out-of-possession landlord generally will not be responsible for dangerous conditions existing on leased premises, it is settled that "[a] landlord may be liable for failing 'to repair a dangerous condition, of which it has notice, on leased premises if the landlord assumes a duty to make repairs and reserves the right to enter in order to inspect or to make such repairs' " (*Litwack v Plaza Realty Invs., Inc.*, 11 NY3d 820, 821 [2008], quoting *Chapman v Silber*, 97 NY2d 9, 19 [2001]; *see Rossal-Daub v Walter*, 58 AD3d 992, 993-994 [2009]; *Stickles v Fuller*, 9 AD3d 599, 600-601 [2004]; *Davison v Wiggand*, 259 AD2d 799, 800-801 [1999], *lv denied* 94 NY2d 751 [1999]). It must be emphasized, however, that "without notice of a specific dangerous condition, an out-of-possession landlord cannot be faulted for failing to repair it" (*Chapman v Silber*, 97 NY2d at 20). The burden is on the plaintiff to prove actual or constructive notice and a reasonable opportunity to repair the dangerous condition (*see Litwack v Plaza Realty Invs., Inc.*, 11 NY3d at 821; *Pulley v McNeal*, 240 AD2d 913, 913 [1997]).

Here, defendants had the leased premises, including the deck, built 13 years before the accident. Defendant James Iacovelli indicated that there had been no complaints regarding the deck prior to the accident, and that the only maintenance performed on the deck involved replacing the railings and nailing down deck nails that had come loose. Iacovelli also testified that he was responsible for periodically inspecting his rental properties and, although he stated that the deck "always looked good and sturdy," he admitted that he had never actually inspected the deck.

Moreover, plaintiff testified that he observed that the deck had rusted nails and discolored and rotting wood at the time of the collapse. Plaintiff also submitted postaccident photographs

revealing rotting and discolored wood, and his expert indicated that the photographs revealed evidence of dry rot, as well as fastener corrosion or slippage at the center post-beam connection. The expert concluded that periodic maintenance and visual inspection would have prevented the deck's collapse. Finally, although the builder of the deck stated that the wood did not look rotten and that the deck collapsed due to excessive weight, he nevertheless acknowledged that the lumber was not in "too good a shape." Under these circumstances, Supreme Court properly determined that there are questions of fact regarding constructive notice and whether defendants failed to meet their obligation to inspect and maintain the deck (*see Hoffman v United Methodist Church*, 76 AD3d 541, 542-543 [2010]; *Personius v Mann*, 20 AD3d 616, 619-620 [2005, Lahtinen, J., concurring in part and dissenting in part], *mod* 5 NY3d 857 [2005]; *Stickles v Fuller*, 9 AD3d at 600-601; *cf. Olsen v Martin*, 32 AD3d 625, 626-627 [2006]; *Richardson v Simone*, 275 AD2d 576, 578 [2000]; *Pulley v McNeal*, 240 AD2d at 913-914).\*

Defendants' remaining arguments, to the extent not addressed herein, have been considered and found to be lacking in merit.

Peters, Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

\* We agree with defendants that Supreme Court erred in alternatively holding that the doctrine of res ipsa loquitur is applicable. That doctrine is inapplicable to out-of-possession landlords, such as defendants, who do not exercise exclusive control (*see Moore v Ortolano*, 78 AD3d 1652, 1653 [2010]; *Richardson v Simone*, 275 AD2d at 578; *Pulley v McNeal*, 240 AD2d at 914).