◼ JOHN MARINO et al., Respondents-Appellants, v A.G. PROPERTIES OF KINGSTON, LLC, et al., Defendants, and TECHCITY 52, LLC, Appellant-Respondent. [926 NYS2d 678]—

Kavanagh, J. Cross appeals from an order of the Supreme Court (Gilpatric, J.), entered November 18, 2010 in Ulster County, which, among other things, denied a motion by defendant TechCity 52, LLC, for, among other things, summary judgment dismissing the complaint against it.

Plaintiff John Marino and his wife, derivatively, commenced this action alleging that, in May 2006, Marino injured his knee while ascending stairs inside a building leased by his employer from defendant TechCity 52, LLC (hereinafter defendant), the building's owner. Defendant moved to dismiss plaintiffs' complaint contending that it failed to state a cause of action pursuant to CPLR 3211 (a) (7) and, in the alternative, for summary judgment dismissing the complaint pursuant to CPLR 3212. Plaintiffs cross-moved for summary judgment on the issue of liability. Supreme Court denied both motions, and these cross appeals ensued.

"While an out-of-possession landlord generally will not be responsible for dangerous conditions existing on leased premises, it is settled that [a] landlord may be liable for failing to repair a dangerous condition, of which it has notice, on leased premises

if the landlord assumes a duty to make repairs and reserves the right to enter in order to inspect or to make such repairs" (*Oates v Iacovelli*, 80 AD3d 1059, 1060 [2011] [internal quotation marks and citations omitted]; *see Hart v O'Brien*, 72 AD3d 1257, 1258 [2010]; *Stickles v Fuller*, 9 AD3d 599, 600 [2004]). Here, while defendant was, in fact, an out-of-possession landlord, the lease agreement gave it the right "at all reasonable times to enter the . . . premises for the purpose of operating, maintaining, repairing or altering the Building, its systems and facilities," and to inspect the same. Further, under the lease, the tenant was solely responsible for maintaining and repairing certain areas of the building—not including the stairs—while defendant retained responsibility for repairing certain portions of the premises when notified by the tenant. Given defendant's rights and obligations under the lease, its motion for summary judgment was properly denied.

In their cross motion for summary judgment, plaintiffs contend that while defendant may not have actually known of the defect in the staircase, it should have—given its duties and obligations under the lease—discovered this condition long before the accident occurred and repaired it prior to Marino's fall (*see Oates v Iacovelli*, 80 AD3d at 1060; *see also Litwack v Plaza Realty Invs., Inc.*, 11 NY3d 820, 821 [2008]; *Chapman v Silber*, 97 NY2d 9, 20 [2001]). In that regard, constructive notice of such a condition can be found where the "condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit [the] defendant[ ] to discover it and take corrective action" (*Cantwell v Rondout Sav. Bank*, 55 AD3d 1031, 1032 [2008], quoting *Boyko v Limowski*, 223 AD2d 962, 964 [1996]; *see Page v State of New York*, 72 AD3d 1456, 1460 [2010]). On that issue, plaintiffs presented testimony by an expert who, after inspecting the premises, concluded that the staircase and, in particular, the condition which caused Marino to fall had to have been present for a considerable period of time prior to the accident. However, this inspection was performed more than three years after the accident occurred and record evidence does not exist, especially given the location and size of the alleged defect, that would allow us to conclude that defendant, as a matter of law, had constructive notice of its existence.

As for plaintiffs' contention that their cross motion for summary judgment should have been granted because the defect in the stairs constituted a violation of the Building Code (*see* 9 NYCRR 765.4 [a] [9]), we note that it has not been established that the condition or the alleged building code violation was the

sole proximate cause of this accident (*see Sauer v Mannino*, 309 AD2d 1053, 1054 [2003]; *see also Gonzalez v State of New York*, 60 AD3d 1193, 1194-1195 [2009], *lv denied* 13 NY3d 712 [2009]; *see generally Avina v Verburg*, 47 AD3d 1188, 1189 [2008]).* As a result, plaintiffs' cross motion for summary judgment was properly denied.

Spain, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The accident report states that Marino fell when walking up stairs and his "knee gave out." In his affidavit submitted in support of plaintiffs' cross motion, Marino stated that his right foot twisted as he stepped on the edge of the stairs and, at that time, he noticed that a piece of concrete was missing.