■ LINDA VANDERLYN, Appellant, v GINA DALY et al., as Trustees of the Irrevocable Family Trust Made by LILLIAN FERLAZZO,

---

et al., Defendants and Third-Party Plaintiffs-Respondents. ME-DENBACH & EGGERS, CIVIL ENGINEERING AND LAND SURVEYING, P.C., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [949 NYS2d 266]—

Egan Jr., J.

Plaintiff allegedly sustained various injuries in December 2006 while walking on a raised asphalt crosswalk between a CVS Pharmacy and a Dunkin Donuts in the City of Kingston, Ulster County. The property upon which the fall occurred is owned by two trusts—with defendants Gina Daly, Gary DiDonna and Dennis DiDonna (hereinafter collectively referred to as the trustee defendants) serving as the trustees thereof—and leased to defendant Cedar-Kingston 4, LLC (hereinafter CK4). CK4 sought and obtained site plan approval for the property and, at the insistence of the local planning board, arranged for the installation of the raised crosswalk at that location.[1]

Plaintiff commenced this action against the trustee defendants and CK4, and defendants, in turn, commenced a third-party action against Leo Boice & Sons, Inc. (the general contractor for the project), Medenbach & Eggers, Civil Engineering and Land Surveying, P.C. (hereinafter M&E) (the entity that designed the raised crosswalk), and Goldpaugh Paving, Inc. (the paving contractor). Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, and M&E cross-moved for summary judgment dismissing the third-party complaint, together with all cross claims asserted against it. In opposition, plaintiff tendered an attorney's affidavit contesting the timeliness of the motions. Supreme Court rejected plaintiff's argument and granted defendants' motion for summary judgment dismissing the complaint, as well as M&E's cross motion for summary judgment dismissing the third-party complaint against it. This appeal by plaintiff ensued.

1. The plans called for the crosswalk to be three inches high and 10 feet wide with a four-foot tapered transition to the surrounding driveways and, initially, such crosswalks were to be installed throughout the commercial development. Prior to plaintiff's accident, however, drainage issues apparently arose, as a result of which approval was obtained to remove the raised sidewalk and replace it with brick pavers that were level with the surface of the surrounding driveways. That work, however, was not completed until after plaintiff's accident.

We affirm. Initially, plaintiff's assertion that the underlying motions were untimely is unpersuasive.[2] Turning to the merits, we agree that defendants' motion for summary judgment was properly granted.[3] "As a general rule, an out-of-possession landlord is not responsible for dangerous conditions existing upon leased premises after possession of the premises has been transferred to the tenant. Exceptions to this rule include situations where the landlord retains control of the premises, has specifically contracted to repair or maintain the property, has through a course of conduct assumed a responsibility to maintain or repair the property or has affirmatively created a dangerous condition" (*Davison v Wiggand*, 247 AD2d 700, 701 [1998] [citations omitted]; *see Henness v Lusins*, 229 AD2d 873, 873-874 [1996]; *Downey v R.W. Garraghan, Inc.*, 198 AD2d 570, 571 [1993]).

In support of their motion for summary judgment, the trustee defendants submitted a copy of the ground lease for the property, which expressly provided that CK4 alone was responsible for maintaining the property and the improvements erected thereon, as well as making any necessary repairs thereto, and the limited right of entry retained by the trustee defendants is "insufficient to establish the requisite degree of control necessary for the imposition of liability" (*Grady v Hoffman*, 63 AD3d 1266, 1268 [2009] [internal quotation marks and citations omitted]). Additionally, the property manager for the project testified that the parcel was under the control of CK4, and a review of the examination before trial testimony of the various contractors' representatives reveals that the trustee defendants had no involvement in the design or construction of the raised crosswalk. Such proof, in our view, was more than sufficient to discharge the trustee defendants' initial burden on their motion for summary judgment, and our review of the record as a whole fails to reveal a question of fact as to the trustee defendants' liability. Accordingly, Supreme Court properly granted summary judgment to the trustee defendants.

---

2. Pursuant to CPLR 3212 (a), Supreme Court was free to establish its own deadline for the submission of a motion for summary judgment (*see generally Harrington v Palmer Mobile Homes, Inc.*, 71 AD3d 1274, 1274 [2010]; *Corchado v City of New York*, 64 AD3d 429, 429 [2009]) and, granting due deference to Supreme Court's interpretation of its own scheduling order, we cannot say that the court erred in concluding that the challenged motion and cross motion were timely.

3. To the extent that plaintiff challenges the award of summary judgment to M&E, we note that plaintiff's rights are not directly affected by the dismissal of the third-party complaint and, as she is not an aggrieved party within the meaning of CPLR 5511, she lacks standing to appeal in this regard (*see Smith v Town of Colonie*, 60 AD3d 1121, 1122 [2009]).

We reach a similar conclusion with regard to CK4. To demonstrate its entitlement to summary judgment, CK4 "was required to establish that it maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (*Managault v Rensselaer Polytechnic Inst.*, 62 AD3d 1196, 1197 [2009] [internal quotation marks and citation omitted]; *see Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1364 [2010]). As we are satisfied that the record before us "fails to demonstrate the existence of *any* dangerous condition" on the property (*Bilinski v Bank of Richmondville*, 12 AD3d 911, 911-912 [2004]), CK4 was also properly granted summary judgment.

Plaintiff testified at her examination before trial that she tripped and fell as she walked from the concrete sidewalk adjacent to CVS to the raised crosswalk leading to Dunkin Donuts—specifically, that she "tripp[ed] on something" as she was transitioning between the two surfaces, causing her to fall within the striped portion of the crosswalk. Although the record certainly reflects that the raised crosswalk caused certain draining issues and concerns, none of the individuals deposed in this matter even remotely suggested that the crosswalk as designed and/or constructed constituted a tripping hazard. The property manager testified that he did not observe any problems with or have any concerns regarding the crosswalk—a sentiment echoed by the paving contractor's representative—and the local building inspector specifically stated that the sloped area between the raised crosswalk and the sidewalk was in compliance with the requirements of the relevant contract and drawings.[4] More to the point, the inspector testified that "there was no safety issue" with respect to the crosswalk, and the sloped transition did not represent a tripping hazard.

To be sure, the photographs contained in the record on appeal indeed suggest that the sloped transition between the concrete sidewalk cut and the raised crosswalk was not seamless—a point acknowledged by M&E's representative, who testified that the edge of the pavement had "just a slight little taper to it" that was, in his view, "unacceptable." As noted previously, however, the record does not otherwise demonstrate that this sloped transition, which plaintiff conceded in her bill of particulars was "so open and obvious that it would be impossible for

---

4. Although there apparently was a crosswalk "exception" noted on at least one of the temporary certificates of occupancy issued for the parcel, the inspector testified that the exception had to do with the height and width of the raised crosswalk and did not pertain to the sloped area between the crosswalk and the adjoining sidewalk.

[anyone] not to observe [it]," constituted an inherently dangerous condition, nor has plaintiff "presented [any] evidence that the condition complained of constituted a trap or snare" (*Colao v Community Programs Ctr. of Long Is., Inc.*, 29 AD3d 723, 724 [2006]). Accordingly, we conclude that summary judgment was properly award to CK4. Plaintiff's remaining arguments, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Mercure, J.P., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with one bill of costs.