Malone Jr., J.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered August 17, 2011 in Saratoga County, which denied defendants’ motion for summary judgment dismissing the complaint.
Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly tripped and fell on an exterior sidewalk step while entering her apartment building, allegedly due to the height of the step and lack of a handrail that caused a hazardous and dangerous condition. After issue was joined and discovery completed, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal ensued.
We affirm. In order for defendants to prevail on their motion for summary judgment, they must establish as a matter of law that the property in question was maintained in a reasonably safe condition and that they neither created the allegedly dangerous condition existing thereon nor had either actual or constructive notice thereof (see Reid v Schalmont School Dist., 50 AD3d 1323, 1324 [2008]). In support of their motion, defend *1248 ants relied principally on the affidavits of Thomas Hesnor, a professional engineer who conducted an inspection of the site, reviewed depositions, photographs and pleadings. Hesnor opined that neither a nine-inch step riser nor the lack of handrails violated the applicable building code. However, whether the step complied with the building code is not dispositive of plaintiffs claim, which is premised on common-law negligence principles (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]; Washington v Albany Hous. Auth., 297 AD2d 426, 427 [2002]; Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady, 223 AD2d 826, 828 [1996]). Furthermore, even though the step had not been altered since defendant Indian Brook Village, Inc. purchased the apartment complex in the mid-1980s and the greater height differential compared to the adjacent steps was open and obvious, defendants failed to meet their legal burden of establishing that they did not have either actual or constructive notice of the allegedly defective condition (see Oates v Iacovelli, 80 AD3d 1059, 1060-1061 [2011]). Accordingly, as defendants failed to establish their entitlement to summary judgment as a matter of law, the sufficiency of plaintiffs proof need not be examined (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Mercure, J.E, Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.