Egan Jr., J.
Appeal from an order of the Supreme Court (Becker, J.), entered June 21, 2011 in Delaware County, which granted defendants’ motion for a directed verdict at the close of plaintiffs case.
In September 2007, plaintiff, who had resided in the same apartment in the Town of Sydney, Delaware County for approximately 14 years, went into the attic to retrieve some seasonal decorations. The attic was accessible only via a set of stairs located inside of plaintiffs apartment and, according to plaintiff, only a portion of the attic had an actual floor. After collecting the desired items, plaintiff turned to start back down the stairs and, in the process, stepped on a black floor mat that purportedly covered an opening in the attic floor. Plaintiff fell partially through the opening, with her leg lodging in the bedroom ceiling below.
Plaintiff thereafter commenced this action against defendants, who had purchased the building two months before plaintiffs accident, seeking to recover for the injuries sustained. The matter proceeded to trial and, at the conclusion of plaintiffs case, defendants moved for a directed verdict pursuant to CPLR 4401. Supreme Court granted defendants’ motion, and this appeal by plaintiff ensued.
Viewing the evidence in the light most favorable to plaintiff and according her the benefit of every favorable inference that reasonably may be drawn therefrom, we nonetheless conclude that there is no rational process by which the jury could have found in her favor (see Brenner v Dixon, 98 AD3d 1246, 1247 [2012]; Aikens-Hobson v Bruno, 97 AD3d 709, 710 [2012]). Accordingly, we affirm.
As this Court recently reiterated, “an out-of-possession landlord [generally] is not responsible for dangerous conditions existing upon leased premises after possession of the premises has been transferred to the tenant” (Vanderlyn v Daly, 97 AD3d 1053, 1055 [2012] [internal quotation marks and citations omitted]; see Oates v Iacovelli, 80 AD3d 1059, 1060 [2011]). Although certain exceptions to this rule exist — namely, “where the landlord retains control of the premises, has specifically contracted to repair or maintain the property, has through a course of conduct assumed a responsibility to maintain or repair *1321 the property or has affirmatively created a dangerous condition” (Vanderlyn v Daly, 97 AD3d at 1055 [internal quotation marks and citations omitted]; accord Davison v Wiggand, 247 AD2d 700, 701 [1998]) — none of those exceptions may be said to exist here.
The proof at trial established that there was no lease governing the parties’ respective responsibilities to repair or maintain either plaintiffs apartment or the attic, nor is there any indication that defendants otherwise assumed a contractual obligation to do so (see Grady v Hoffman, 63 AD3d 1266, 1268 [2009]; Rossal-Daub v Walter, 58 AD3d 992, 995 [2009]; compare Bush v Mechanicville Warehouse Corp., 69 AD3d 1207, 1207 [2010]). Further, even assuming — as plaintiff contends — that defendants “had the authority to enter the attic at any time,” a limited right to visit the premises would be “insufficient to establish the requisite degree of control necessary for the imposition of liability with respect to an out-of-possession landlord” (Grady v Hoffman, 63 AD3d at 1268 [internal quotation marks and citations omitted]; compare Marino v A.G. Props. of Kingston, LLC, 85 AD3d 1429, 1429-1430 [2011]; Stickles v Fuller, 9 AD3d 599, 600-601 [2004]). Similarly, it cannot be said that defendants, by their conduct, assumed a responsibility to maintain or repair the property. Finally, there is nothing in the record to suggest that defendants either created the hole in question or placed the offending mat over it and, hence, there is no basis upon which to conclude that defendants affirmatively created a dangerous condition on the property.
Nor are we persuaded that liability may be imposed based upon defendants’ actual or constructive notice of the alleged condition. Plaintiff does not contend that defendants had actual notice of either the opening or the floor mat covering it, and defendant A.J. Bernardo Grimaldi testified that plaintiff never complained regarding the condition of either her apartment or the attic (see Moore v Ortolano, 78 AD3d 1652, 1652 [2010]; Ensher v Charlton, 64 AD3d 1032, 1033 [2009]), nor did she ask him to make any repairs with respect thereto. Moreover, despite having lived in the apartment for 14 years and having accessed the attic periodically during that time, plaintiff herself was completely unaware of the opening (see Moore v Ortolano, 78 AD3d at 1652) and did not recall seeing the floor mat prior to the day of her accident. Absent “ ‘notice of a specific dangerous condition, an out-of-possession landlord cannot be faulted for failing to repair it’ ” (Oates v Iacovelli, 80 AD3d at 1060, quoting Chapman v Silber, 97 NY2d 9, 20 [2001]). Accordingly, there is no basis upon which to infer constructive notice to defend *1322 ants (compare Duff v De Sorbo, 304 AD2d 870, 871 [2003]). Plaintiffs remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, P.J., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.