■ CHRIS KOERNER, Respondent, v CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. [974 NYS2d 407]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered September 14, 2012, which, insofar as appealed from, denied the Board of Education of the City of New York's motion for summary judgment dismissing plaintiff's claims pursuant to Labor Law § 200 and common-law negligence, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

A general awareness that a dangerous condition may be present is legally insufficient to charge a defendant with constructive notice (*Gordon v American Museum of Natural History,* 67 NY2d 836, 838 [1986]). Thus, awareness of unsanitary conditions at the school was insufficient evidence that defendant was on notice of the presence of the fungal pathogen Candida Dubliniensis, the fungus that allegedly caused plaintiff's eye infection (*see Litwack v Plaza Realty Invs., Inc.,* 40 AD3d 250 [1st Dept 2007], *affd* 11 NY3d 820 [2008]).

Further, plaintiff failed to proffer any evidence that the fungus existed at the school at all, other than speculation based on plaintiff's unusual infection (*see e.g. Cleghorne v City of New York,* 99 AD3d 443 [1st Dept 2012]). And while defendant failed to meet its initial burden as movant on the issue of causation, this failure is rendered moot in light of our determination that insufficient evidence that a dangerous condition, and notice of it, existed in the first instance.

Lastly, no evidence was adduced that defendant exercised supervision and control over plaintiff's work, so as to impart li-

ability pursuant to Labor Law § 200 (*see Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139 [1st Dept 2012]; *Reilly v Newireen Assoc.*, 303 AD2d 214 [1st Dept 2003], *lv denied* 100 NY2d 508 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.