*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                 517698
_____

CHRISTINA BOICE,

                    Appellant-
                    Respondent,

        v

PCK DEVELOPMENT COMPANY, LLC,
    et al.,

                    Defendants
                    and Third-
                    Party                 MEMORANDUM AND ORDER
                    Plaintiffs-
                    Respondents-
                    Appellants;

FOOT LOCKER RETAIL, INC.,

                    Third-Party
                    Defendant-
                    Respondent.

_____

Calendar Date:   September 10, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

                    _____

        Finkelstein & Partners, LLP, Newburgh (George A. Kohl II of
counsel), for appellant-respondent.

        Cerussi & Spring, PC, White Plains (Joseph Porretto of
counsel), for defendants and third-party plaintiffs-respondents-
appellants.

        Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains
(Judy C. Selmeci of counsel), for third-party defendant-
respondent.

                    _____

Devine, J.

(1) Appeal from an order of the Supreme Court (Zwack, J.), entered April 29, 2013 in Ulster County, which, among other things, granted defendants' motion for, among other things, summary judgment dismissing the complaint, and (2) cross appeals from the judgment entered thereon.

In 2008, plaintiff was injured after she fell off a ladder that accessed a storage loft while working for third-party defendant. The loft was located in the backroom of third-party defendant's store, in a leased space in a mall owned and operated by defendants. Plaintiff commenced this action against defendants alleging that its negligence in constructing or maintaining the ladder was the proximate cause of her injuries.[1] Defendants thereafter impleaded third-party defendant, seeking contribution or contractual indemnification. Third-party defendant answered and asserted counterclaims for breach of contract and indemnification. Defendants then moved for summary judgment dismissing plaintiff's complaint and for contractual indemnification in their favor against third-party defendant, including the reimbursement of litigation costs. Third-party defendant thereafter cross-moved for summary judgment dismissing the third-party complaint and for summary judgment on its counterclaims. Supreme Court granted defendants' motion for summary judgment and, based upon its dismissal of plaintiff's complaint, determined that third-party defendant's cross motion for summary judgment was moot. Plaintiff now appeals from Supreme Court's order and ensuing judgment. Defendants cross appeal from the judgment, claiming that the court ignored their request for, among other things, litigation costs.

Generally, "an out-of-possession landlord is not responsible for dangerous conditions existing upon leased premises after possession of the premises has been transferred to the tenant" (Davison v Wiggand, 247 AD2d 700, 701 [1998], lv

---

[1] Plaintiff initially brought separate actions against each defendant, but these actions were subsequently consolidated by stipulation.

denied 94 NY2d 751 [1999]; accord Patrick v Grimaldi, 100 AD3d 1320, 1321 [2012]. Exceptions to the general rule include situations where the landlord has maintained control of the premises, has specifically contracted to repair or maintain the property or has affirmatively created the dangerous condition (see Vanderlyn v Daly, 97 AD3d 1053, 1055 [2012], lv denied 20 NY3d 853 [2012]; Stickles v Fuller, 9 AD3d 599, 600 [2004]). Regarding a contractual obligation to maintain or repair the ladder, third-party defendant agreed to be responsible for repairing and maintaining, among other things, the "systems and improvements located within and exclusively serving the [p]remises."

The record reflects that the loft and access ladder were improvements added to the back room of the subject premises in 2001 at the request of a former tenant, and that they are both solely located within and exclusively serve the premises. Accordingly, inasmuch as "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; accord Herbert v Schodack Exit Ten, LLC, 107 AD3d 1119, 1120 [2013]), we agree with Supreme Court that there are no triable issues of fact as to whether defendants were contractually responsible for the maintenance and repair of the ladder.

Further, defendants were entitled to summary judgment as to the question of whether they were liable for plaintiff's injuries based upon the provision in the lease retaining their right to enter the premises to make repairs. While a landlord who retains the right to enter the leased property to make repairs may be liable to injuries to third parties (see Brown v BT-Newyo, LLC, 93 AD3d 1138, 1138 [2012], lv denied 19 NY3d 815 [2012]; Sauer v Mannino, 309 AD2d 1053, 1053-1054 [2003]), "only a significant structural or design defect that is contrary to a specific statutory safety provision will support imposition of liability against the landlord" (Velazquez v Tyler Graphics, 214 AD2d 489, 489 [1995]; accord Brown v BT-Newyo, LLC, 93 AD3d at 1139). Here, plaintiff's expert opined that the condition of the ladder violated regulations found in the New York State Uniform Fire Prevention and Building Code (see 19 NYCRR 1219.1), the New York

State Building Code and the Property Maintenance Code of New York. However, inasmuch as a violation of a regulation is insufficient to impose liability on an out-of-possession landlord pursuant to a reserved right to enter the premises (see Brown v BT-Newyo, LLC, 93 AD3d at 1139; Velazquez v Tyler Graphics, 214 AD2d at 490), plaintiff failed to raise a triable issue of fact.

We reach a different conclusion, however, as to whether defendants created the dangerous condition. Liability to a lessee's employee for personal injuries may attach if the out-of-possession landlord affirmatively created the dangerous condition (see Ferro v Burton, 45 AD3d 1454, 1455 [2007]; Stickles v Fuller, 9 AD3d at 600; Arvanete v Green St. Realty, 241 AD2d 909, 909 [1997]). Although the former tenant hired an architect to design the plans for the premises, including the loft area and access ladder, defendants contracted and paid for the construction. Further, the record reflects that defendants took an active role in the construction project. Defendants and the tenant agreed to make changes to the architectural plans in order to cut costs, including changes to the design of the loft. While the architectural plan called for the ladder to be "mechanically fasten[ed] to surface of floor slab and at top edge to wood platform," plaintiff's expert opined, based upon his inspection of the site of the alleged accident, that the right stringer of the ladder was secured by three screws to an adjacent wall, not to the wood platform, and that the left stringer was not secured to the upper landing at all. Further, there was no evidence that the ladder was secured to the floor slab. Inasmuch as plaintiff contends that her fall was caused by the ladder shifting away from the loft, causing her to lose her balance, and viewing the evidence in the light most favorable to her, we find a triable issue of fact exists as to whether the ladder was constructed negligently and as to whether defendants created the dangerous condition (see Stickles v Fuller, 9 AD3d at 600-601).[2] Finally,

---

[2] To the extent that defendants contend that, inasmuch as third-party defendant leased the premises pursuant to an "as is" clause, they were not liable for plaintiff's injuries, such a clause would only serve to bar a claim against defendants by third-party defendant, and not bar a claim made by an employee of

based upon the applicable provisions of the lease agreement, our finding that an issue of fact exists as to defendants' liability renders their motion for summary judgment as to their third-party action premature (see Mesler v PODD LLC, 89 AD3d 1533, 1535 [2011]; Maldonado v South Bronx Dev. Corp., 66 AD3d 612, 613 [2009]).

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.

ORDERED that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment as to the allegation that defendants created a dangerous condition; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

a lessee (see Brady v Cocozzo, 174 AD2d 814, 815 [1991]).