State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 22, 2015                    518158
_____

TAMMY MILLER, as Administrator
    of the Estate of CLIFFORD J.
    MILLER, Deceased, et al.,
                        Respondents,

        v

GENOA AG CENTER, INC.,                    MEMORANDUM AND ORDER
                Defendant
                and Third-
                Party
                Plaintiff-
                Appellant;

S&V REFINISHING, LLC,
                Third-Party
                Defendant-
                Appellant.
_____


Calendar Date:  November 12, 2014

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.


_____


        Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Brady J.
O'Malley of counsel), for defendant and third-party plaintiff-
appellant.

        Michael Miliano, State Insurance Fund, New York City (Fred
J. Hutchinson of Donohue, Sabo, Varley & Huttner, LLP, Albany, of
counsel), for third-party defendant-appellant.

        Greene & Reid, PLLC, Syracuse (Eugene W. Lane of counsel),
for respondents.


_____

Devine, J.

Appeal from an order of the Supreme Court (Rumsey, J.), entered July 11, 2013 in Tompkins County, which denied defendant's and third-party defendant's motions for, among other things, summary judgment dismissing the complaint.

Clifford J. Miller (hereinafter decedent) was an employee of third-party defendant, which operated its propane tank refinishing business in a building owned by defendant. On the date of the accident at issue in this action, third-party defendant's owner, Douglas VanBenshoten, informed the employees, among other things, that they were not to allow a new employee to work with the propane tanks until VanBenshoten could provide that employee with the necessary training. Despite such directive, after VanBenshoten left the premises, the new employee attempted to remove a supply valve from one of the tanks while inside the building. The employee was unable to remove the valve and asked decedent to assist him. As the valve was loosened, a cloud of propane gas emanated from the tank and met with an ignition source inside the building, causing an explosion that severely burned decedent and ultimately caused his death.

Plaintiffs commenced this wrongful death action against defendant in November 2010. Thereafter, defendant commenced a third-party action seeking, among other things, common-law and contractual indemnification. Following joinder of issue, defendant and third-party defendant each filed separate motions for, among other things, summary judgment dismissing plaintiffs' complaint against defendant. Supreme Court, among other things, denied the motions to the extent that they demanded the dismissal of plaintiffs' complaint. Defendant and third-party defendant now appeal.[1]

_____

[1] Although Supreme Court also denied defendant's motion for summary judgment as to its contractual indemnification claim against third-party defendant, any issues with respect thereto are deemed abandoned by defendant's failure to raise said issues in its brief (see Mills v Chauvin, 103 AD3d 1041, 1044 n 2 [2013]).

In regard to defendant's and third-party defendant's argument that, as an out-of-possession landlord, defendant owed no legal duty of care to decedent, it is well established that, generally, "once possession has been transferred to a tenant, an out-of-possession landlord will not be held responsible for dangerous conditions existing upon leased premises" (Stickles v Fuller, 9 AD3d 599, 600 [2004] [internal quotation marks and citation omitted]; see Inger v PCK Dev. Co., LLC, 97 AD3d 895, 896 [2012], lv denied 19 NY3d 816 [2012]; Davison v Wiggand, 247 AD2d 700, 701 [1998]). Exceptions to the general rule do exist, including situations where the landlord retains control over the leased premises, has agreed to repair or maintain the premises or "has affirmatively created the dangerous condition" (Boice v PCK Dev. Co., LLC, 121 AD3d 1246, 1247 [2014]; see Vanderlyn v Daly, 97 AD3d 1053, 1055 [2012], lv denied 20 NY2d 853 [2012]; Henness v Lusins, 229 AD2d 873, 874 [1996]).

While the record does not reveal that defendant exercised the requisite control over the building or agreed, pursuant to the lease agreement, to make repairs or maintain the interior mechanical installations or electrical systems that have been cited as the cause of the explosion (see Hart v O'Brien, 72 AD3d 1257, 1258-1260 [2010]; Grady v Hoffman, 63 AD3d 1266, 1268 [2009]), we agree with Supreme Court's finding that defendant affirmatively created a dangerous condition that caused decedent's injuries. Timothy Rouse, the lead investigator who assessed the building after the explosion, opined that the building was outfitted with numerous fire ignition sources, including a hanging heating unit, metal-halide lighting, florescent lighting, an electric air compressor, paint booth lighting and an exhaust fan motor located in the paint booth. Rouse also opined that the explosion was most likely caused by an electrical spark from the exhaust fan motor and halide lighting, as both were in operation at the time of the accident. It is uncontroverted that, in the mid-1990s, defendant converted the building from a pole barn to a propane tank refinishing facility, and that the equipment serving as ignition sources had been installed by defendant prior to third-party defendant's occupation of the property. Plaintiffs' expert averred that defendant's shift of its use of the building from agricultural purposes to propane tank refinishing heightened the risk of fire

to a "high hazard" and that the equipment it used was in violation of safety standards that pertain to facilities where propane gas emissions are likely to occur. In fact, third-party defendant was cited by the Occupational Safety and Health Administration for the failure of its employees, on the date of decedent's accident, to ensure that propane tanks were empty before bringing them inside the building "where unapproved electrical equipment was present." This evidence, viewed in a light most favorable to plaintiffs, creates an issue of fact as to whether defendant's installation of ignition sources affirmatively created the allegedly dangerous condition that led to decedent's demise (see Stickles v Fuller, 9 AD3d at 600-601; Garramone v Pickett, 291 AD2d 629, 629-630 [2002]; Arvanete v Green St. Realty, 241 AD2d 909, 909 [1997]).

Next, defendant and third-party defendant assert that the reckless conduct of third-party defendant's employees was the sole proximate cause of the explosion and that defendant cannot be held liable to plaintiffs merely because it allegedly furnished the condition that allowed for the accident. In order to sever the causal connection in this matter, it must be demonstrated that the employees' actions were "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from [third-party] defendant's conduct" (Markel Ins. Co. v Bottini Fuel, 116 AD3d 1143, 1147 [2014], quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; see Ranaudo v Key, 83 AD3d 1315, 1318 [2011]). Certainly, the act of third-party defendant's new employee of bringing a tank that was not marked as empty into the building – against the direct instructions of his supervisor – was negligent. Nonetheless, defendant and third-party defendant have failed to show that such conduct was unforeseeable, thereby "sever[ing] any causal link between [defendant's] negligence and [decedent's] injuries" (Litts v Best Kingston Gen. Rental, 7 AD3d 949, 951 [2004]). Notably, the record demonstrates that the date of decedent's accident was not the first time that a tank containing propane had been brought inside the building. That third-party defendant expressly prohibited its employees from bringing tanks into the building until it was confirmed that they were empty did not make it any less foreseeable that a tank containing propane gas might be brought inside and exposed to the

facility's ignition sources, thereby creating a risk of an explosion like the one that occurred here.  Inasmuch as it cannot be established as a matter of law that third-party defendant's employees' "actions were unforeseeable or unexpected," summary judgment was properly denied (Carson v Dudley, 25 AD3d 983, 984 [2006]; see Derdiarian v Felix Contr. Corp., 51 NY2d at 316; Markel Ins. Co. v Bottini Fuel, 116 AD3d at 1147).  Plaintiffs' alternate arguments for affirmance have been rendered academic by our decision.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court